## Case No. 14,493.

### UNITED STATES v. BADGER et al.

#### [6 Biss. 308.] [1]

Circuit Court, N. D. Illinois. Feb., 1875.[2]

OFFICERS — RESIGNATION—JUDGMENT AGAINST TOWN—MANDAMUS—RETURN.

1. Under the Illinois township organization law, the town officers continue to be such until their successors are qualified, and resignation does not relieve them from duty and liability.

[Cited in U. S. v. Justices of Lauderdale County. 10 Fed. 467.]

2. Where town officers had resigned in order to avoid auditing and paying a judgment against the town, it is not a sufficient return to an alternative writ of mandamus that the respondents, the officers, had resigned. If it does not also appear that their successors have been elected, or appointed, and qualified, they will be ordered to audit the judgment. And it seems that they may be ordered to hold a special meeting for that purpose.

Proceeding by mandamus to compel the officers of the town of Amboy, Lee county, in this state, to audit and report to the proper officers of the county of Lee certain judgments recovered in this court by Bolles & Co., against the town of Amboy.

Paddock & Ide, for relators. ·
Barge & O'Brien, for respondents.

BLODGETT, District Judge. It appears from the petition filed in this case, and from the records of the court, that at the May term of this court for the year 1874, the relators recovered two judgments against this town amounting in the aggregate to $2,517.40, including costs. Some time in August, 1874, after the recovery of the judgments, the plaintiffs notified the supervisor of the town, the town clerk, and the justices of the peace of the town, who compose the auditing board, of these recoveries, and demanded of them that they should audit and report said judgment to the clerk of the county for the purpose of having a tax levied for the colllection of the amount of the judgments.

Instead of proceeding to audit the relators' judgments as a valid claim against the town, the supervisor handed in his resignation to the justices of the peace, and two of the justices of the peace handed in their resignations to another justice of the peace, and the town clerk then handed in his resignation, so that no auditing board met, and the plaintiffs'

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
2 [Affirmed in 93 U. S. 599.]

claim was not reported and certified by the town clerk to the county clerk of the county, and no tax was extended for the collection of a fund wherewith to pay these judgments.

The plaintiffs now ask for a writ of mandamus against the town board of auditors, requiring them to proceed to audit these judgments as a valid claim against the town. To this the defendants have made return, in substance, that they are no longer officers of the said town, and cannot audit this claim, and that the notice was served on them too late, having been served on the 29th of August, 1874, whereas the auditing board was to have met on the second Monday in August.

The township organization law provides for the contingency of resignation by the various town officers, and provides for a method by which the vacancies caused by these resignations shall be filled. Rev. St. 1874, p. 1079, art. 10. It also provides that persons who are elected and qualified to any town office shall hold their offices until their successors are elected or appointed, and qualified. Rev. St. 1874, p. 1078, § 92. It does not appear from this return that any successor has been appointed to Mr. Chester Badger, who was the supervisor of this town, nor to any of the justices who resigned, nor to any of these town officers, who resigned their offices, as is evident, for the purpose of avoiding the auditing of the plaintiffs' judgments. If they had, in addition to the allegation of their own resignation, alleged that their successors had been duly qualified and accepted the offices, they would of course have shown that they were no longer responsible, as the principle clearly deducible from the township organization law, as it now stands in this state, is that when once a town officer is elected, and accepts the office and qualifies, he remains such officer until his successor is appointed, either by election or by appointment. Until his successor is appointed and qualified, and is ready to take possession, he is such officer. Mr. Badger and these other officers, according to their own return made in this case, were duly elected to the various offices of this town; they acted as such; they qualified as such, and continued to act up to the time that they found they were obliged to either audit these judgments of the plaintiffs or resign, and they resigned, evidently, to avoid the auditing of the plaintiffs' judgments. It was an expedient resorted to by these town officers, apparently to avoid the levying of taxes and to enable the property-owners of this town to escape the payment of taxes that should have been levied to liquidate the plaintiffs' demands.

Now the question is, have they evaded it by their resignations? I think they have not. I think that these men, being still town officers of this town,—their places not having been filled,—are still bound to proceed and audit these claims. The law requires that this board of town officers shall meet twice a year, on the Tuesday preceding the annual town meeting, and on the first Tuesday in September, being the Tuesday preceding the time fixed by law for the regular annual meeting of the board of supervisors.

I am not disposed to require them to hold any special meeting; the Tuesday preceding the annual town meeting will soon be here. I think the mandamus should require the board of auditors to meet and audit these judgments at that time. I have no doubt of the right of the court to require them to meet at some other time,—some time previous to that,—but nothing would probably be gained, as the tax cannot be levied now until another year. The mandamus will therefore issue, requiring these respondents to audit these judgments at the regular meeting of the auditing board on the Tuesday preceding the annual town meeting in April next.

The demurrer to the answer will be sustained, and an order made for a peremptory writ of mandamus.

[On error, this judgment was affirmed by the supreme court. 93 U. S. 599.]
It was held upon application for a writ of mandamus against a city to compel the authorities thereof, to levy and collect taxes for the purpose of paying a judgment, that such available means as are at the disposal of a city, raised under the taxing power, and without diverting the funds from their original purposes as specified in the charter, should be applied to the payment of the judgment. People v. City of Cairo, 50 Ill. 154. A writ of mandamus will lie to a board of school directors, commanding the assessment and levy of taxes to pay a judgment against a school district. Beverly v. Sabin, 20 Ill. 357.