ERASTUS JONES V. THE CITY OF JEFFERSON.

(Case No. 2084.)

1. CORPORATION—AGENT—CITATION—PRACTICE—A corporation may appear and quash a citation issued in a suit against it by showing that the person on whom it was served was not its officer or agent; and either by motion or original suit it can have a judgment by default set aside by proving that the person cited was not its agent or officer authorized by law to be served.

2. SAME—From the decisions it would seem that when it is brought to the knowledge of the court, by the affidavit of the person upon whom the citation has been served, that a judgment by default is being sought against a corporation by service upon him as its officer or agent, and that he is not such, the court would have the power to inquire into the fact before proceeding to judgment.

3. SAME—FRIEND OF THE COURT—The office of a friend of the court is restricted to making suggestions as to questions apparent upon the record, or matters of practice presenting themselves for determination in course of proceedings in open court.   (Probable powers discussed.)

4. CITY OFFICERS—RESIGNATIONS—The revised Statutes provide that resignations of officers must be made to the city council, in writing, subject to their approval or acceptance; that the officers of a city shall hold their offices until the election and qualification of their successors, and that in case of a vacancy the office must be filled by an election.   (R. S., arts. 492, 344, 352-353.)

5. SAME—An officer whose resignation has been tendered to the proper authority, and accepted, continues in office and is not released from its duties and responsibili-

ties until his successor is appointed or chosen and qualified. (Badger *v*. U. S., 93 U. S., 599, cited and discussed.)

APPEAL from Marion.    Tried below before the Hon. W. P. McLean.

The opinion states the facts.

*McKay & Camp*, for appellant, on questioning the service of citation, cited :    The State *v*. Jefferson Iron Co., 60 Tex., 313 ; Andrews *v*. Beck, 23 Tex., 455 ; Mosely *v*. Burrow, 52 Tex., 403 ; Sayle's Prac., §673, note 1 ; 1 Bouv. Law Dic., title, *Amicus Curiæ*.

No briefs on file for appellee.

GAINES, ASSOCIATE JUSTICE.—This suit was instituted by appellant to recover a large indebtedness alleged to be due by appellee to him. The petition alleged the incorporation of the city under special acts of the legislature, and its reorganization in the year 1878, under the general law of the state, by the requisite vote of the city council, and also averred that at the time of its filing, Ward Taylor, Jr., was mayor of said city; that John Penman was president *pro tem* of the city council, and that J. P. Durr was clerk and secretary of said city, and prayed that citation issue and that it be served upon them.    Citation was accordingly issued on the 7th day of May, 1883, and on the same day was served upon each of said alleged officers.    At the ensuing term of the court each of said persons appeared, Taylor and Penman in person, and Durr by attorney, and filed sworn statements admitting that each of them had been elected to the office alleged in the petition, but denying, in substance, that he any longer held the office, or was exercising its functions.    Each stated the facts in reference to the matter, as will hereafter appear in this opinion.    With these affidavits was filed a joint plea by them in abatement of the suit.    An answer was filed by John Penman, Geo. T. Todd and W. T. Armistead, signing themselves as attorneys for the city.    The plea in abatement and answer were at the June term, 1885, of the court, stricken out on motion of appellant, who thereupon demanded judgment by default.    Whereupon Geo. T. Todd and W. T. Armistead appeared as friends of the court, and suggested to the court that judgment should not be rendered against the city, because the parties served with citations as its officers were not in fact such, and asked the court to hear testimony upon the question.    At the fall term the court proceeded to hear the testimony, and appellant

again asked judgment by default, which the court refused to grant; to which appellant excepted, and declined to continue for further service. The court then dismissed the cause, and appellant excepted and gave notice of appeal.

The assignments of error call in question the legality of the action of the court in entertaining the suggestion of the friends of the court in hearing evidence concerning the official character of the persons served as officers of the city, and the refusal to render judgment for appellant by default. As to the proper practice when a corporation is attempted to be served through an alleged officer or agent, and the official character or agency of the person served is called in question, we are almost without authority. It has been intimated that the petition should allege the office or agency, and that if this is not done it is the duty of the court to require proof that the person served is the agent of the defendant corporation before giving judgment. Railway Company v. Burke, 55 Tex., 323.

In some states this seems to be required in all cases. It is conceded moreover, that the defendant may appear to contest the service, and quash it by showing that the person on whom the writ was served is not his officer or agent. This under our statute operates as an appearance at the next term. R. S., Art. 1243.

And it is certainly competent for a defendant corporation after judgment, either by motion or original suit, to have the default set aside by proving that the person cited is not its agent or officer authorized by law to be served. A motion to vacate the judgment seems to be the proceeding chiefly resorted to in the cases to which we have had access. But the question for our consideration is: Must the court necessarily render a judgment by default against a corporation where the writ has been served upon one who is alleged in the petition to be its officer? Is not the court authorized to protect its jurisdiction by inquiring into a fact essential to confer it over the person of the defendant who is sought to be brought before it? In inquiring into the validity of a judgment by default, at least in a collateral proceeding, the recital in the judgment of proper service is deemed to import the truth, upon the ground that the court is presumed to have determined that as a jurisdictional question at the very outset of the proceeding. Treadway v. Eastburn, 57 Tex., 209.

It would, therefore, seem that when it is brought to the knowledge of the court by the affidavit of the person upon whom the citation has been served, that a judgment by default is being sought against a corporation by service upon him as its officer or agent, and that he is not such, the court should have the power to inquire into the fact, or at

least should require of plaintiff proof of the official character or
agency of the person before proceeding to judgment.   The office of a
friend of the court is restricted to making suggestions as to questions
apparent upon the record, or matters of practice presenting them-
selves for determination in course of proceedings in open court.   But
in the case of the State v. The Jefferson Iron Co., 60 Tex., 312, a doubt
as to the service is specified as one of the matters about which it was
permissible for him to be heard.   And the opinion in that case holds
that the court could only do with the suggestion of counsel ·what it
could do without, and no more.   But if the court could, of its own
motion, inquire into a jurisdictional fact, would it be error to permit
counsel to assist it in making the inquiry?

Waiving these points, let us consider the further question, whether
upon the proof adduced upon this jurisdictional issue, the official
character of the alleged officers of the city was established or not.

Taylor testified that he was elected mayor in 1878, and continued
to act as such until 1880, and that no mayor had ever been elected to
succeed him; that about April in the last named year he ceased to ex-
ercise the functions of the office, and published his resignation in a
newspaper.   Durr had been elected secretary in 1880, and no successor
had been elected, and he had never resigned.   Penman had been pres-
ident of the counsel pro tem., but had ceased to act before the service
upon him.   The Revised Statutes provide that resignations of officers
must be made to the city council in writing, subject to their approval
or acceptance, (Art. 492); that the officers of a city shall hold their
offices until the election and qualification of their successors, (Art.
344), and that in case of vacancy the office must be filled by an elec-
tion.   (Arts. 352, 353.)

Now the question presents itself, had these persons divested them-
selves of their respective offices in 1883?   We think not.   No successor
to Taylor was ever elected, and there is no evidence that any resigna-
tion in writing was ever tendered to the council, and accepted by them.
Durr was the last secretary ever elected by the voters of the city, and
never attempted to resign.   Sec. 17 of Art. 16, of the present Consti-
tution of the state provides that "All officers within this state shall con-
tinue to perform the duties of their offices until their successors are
qualified."   It would appear, therefore, that at the date of the service
of the citation in this case, Ward Taylor, Jr., was mayor, and J. P.
Durr, secretary, of the city of Jefferson.

But it further appeared upon the trial of the issue made upon the
official character of these persons, that the object of the failure to elect
officers of the city regularly as required by its charter, was to defeat

the collection of debts owing by the city.  It is held by the supreme court of the United States, following the decision of the supreme court of Illinois in the same case, that under the statute of that state, which, like that of Texas, declares that all officers shall hold over until their successors are elected and qualified, an officer whose resignation has been tendered to the proper authority and accepted, continues in office and is not released from its duties and responsibilities until his successor is appointed, or chosen and qualified.   Badger *v.* United States, 93 U. S., 599; s. c., 6 Bissell, 308; see, also, 2 Dill. on Mun. Corp., sec. 878.   In the decision of the case cited stress is laid upon the fact that the resignations were tendered for the purpose of defeating the creditors of the municipality in the collection of their claims, and it is virtually held that this can not be done.

We are of the opinion, that the court below erred, in not rendering judgment by default against appellee for want of an answer, and for that error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 9, 1886.]