FARRAGUT FIRE INSURANCE COMPANY OF NEW YORK v. DAN FORD.

Decided December 16, 1896.

1.  Garnishment—Corporation—Service on Agent—Default.

Writ of garnishment against a New York corporation was served on its alleged local agent who filed an affidavit denying his agency,—the garnishee not answering. Judgment against the garnishee by default showed that the court after hearing the motion and argument thereon struck out the affidavit and found the garnishee duly served by delivering copy of the writ to its local agent. Held, that the court was authorized, of its own motion, to ascertain whether or not the person served was the garnishee's agent. But, in the absence of a statement of facts or showing in the record that the court heard no other testimony than the affidavit in ruling thereon, the judgment should be affirmed.

2.  Costs.

Of certiorari in appellate court. How taxed.

ERROR to the County Court of McLennan. Tried below before Hon. W. H. JENKINS.

The certiorari proceedings referred to in the opinion were in connection with a motion by defendant in error to dismiss the writ of error, and sought to bring up the record of a suit in the County Court of McLennan County in which the present plaintiff in error sought to enjoin an execution on the judgment in this garnishment case on the ground that Davis, the person served with the writ, was not its agent, which issue was upon the trial decided against it and the injunction dissolved.

*Dyer & Dyer*, for plaintiff in error.—After William Davis, the alleged agent of plaintiff in error, appeared and filed an affidavit denying that he was agent of plaintiff in error, it was error to strike out said

affidavit as a matter of law and render judgment by default against plaintiff in error without hearing evidence respecting such agency. Jones v. City of Jefferson, 66 Texas, 576; Railway v. Neal, 33 S. W. Rep., 694.

*Richard I. Monroe,* for defendant in error.—After William Davis, the alleged agent of plaintiff in error, appeared and filed an affidavit denying that he was agent of plaintiff in error, the court would have the power to inquire into the question of agency before proceeding to judgment, but as a question of law it was not compelled to do so.   Jones v. City of Jefferson, 66 Texas, 576; Railway v. Neal, 33 S. W. Rep., 694; Treadway v. Eastburn, 57 Texas, 209.

Without any statement of facts in the record, plaintiff in error seeks to collaterally attack the judgment in this case by attempting to show outside the record by mere statement in his brief that no service was had and that William Davis was not plaintiff in error's agent, which cannot be done, because the recital in the judgment, which was the last act of the court in the case, reciting "that it further appearing that on the 23rd day of March, 1894, a writ of garnishment was served on the garnishee herein, Farragut Fire Insurance Company of New York, by delivering a true copy of the same to William Davis in person, local agent of said garnishee," imports in this proceeding absolutely verify. Treadway v. Eastburn, 57 Texas, 209.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—Dan Ford obtained a judgment in the County Court of McLennan County against A. C. Riddle and Max Krugman, and sued out a writ of garnishment against the Farragut Fire Insurance Company of New York.   The affidavit for the writ of garnishment stated that the garnishee was a corporation and that William Davis was its local agent at Waco in said McLennan County.   The writ commanded the constable to summon said corporation by serving a copy of the writ on said Davis; and the return of the constable shows that it was executed "by delivering a true copy of this writ to William Davis, in person, local agent of the within named garnishee."

The insurance company filed no answer.   William Davis filed an affidavit stating that he was not, at the time the writ of garnishment was served upon him, nor at the time of making the affidavit, an agent of the garnishee.

The plaintiff, Ford, moved to strike out Davis' affidavit, and the court disposed of the motion, and of the entire garnishment suit, by the following judgment:

"No. 3434.
"Dan Ford
            v.
"Farragut Fire Insurance Company, Garnishee.

"Court being in session on the 20th day of February, 1895, this

cause came on to be tried, the plaintiff, Dan Ford, appearing in person and by his attorney, and the garnishee came not, but wholly made default, but William Davis appeared in person and by his attorney; whereupon the cause proceeded to trial, and after hearing the motion of plaintiff and argument thereon to strike out the affidavit of William Davis, filed herein, it is the opinion of the court that said motion, for the reasons therein stated, is well taken, and it is ordered that the affidavit of said William Davis be and the same is stricken out; whereupon, it appearing to the court that the plaintiff herein, Dan Ford, in cause number 3433 in this court, recovered, on the 31st day of October, 1894, a judgment against A. C. Riddle and the said Max Krugman for the sum of $635.40 and all costs, with interest from said date at the rate of ten per cent per annum, and it appearing that execution has been issued on said judgment and same was returned not satisfied, no property found of either of said defendants, and it further appearing that on this date there is due on said judgment to this plaintiff the sum of $654.97 and all costs of said suit number 3433, in all the sum of $665.67, and it further appearing that on the 3rd day of March, 1894, a writ of garnishment was served on the garnishee herein, Farragut Fire Insurance Company, of New York, by delivering a true copy of same to William Davis in person, local agent of said garnishee, and it further appearing that a proper affidavit and bond for garnishment had been filed in this case and the proceedings required by law have been strictly complied with; it is therefore ordered, adjudged and decreed that the plaintiff, Dan Ford, do have and recover of and from the garnishee, Farragut Fire Insurance Company, of New York, the sum of $654.97, with interest thereon from this date at the rate of ten per cent per annum, together with all costs incurred in the original suit aforesaid, number 3433 in this court, styled Dan Ford v. A. C. Riddle and Max Krugman, as well as all costs incurred in this behalf, for which let execution issue. It is further ordered that the officers of this court recover of each of the parties to this suit all costs respectively incurred by them, for which let execution issue."

There is no statement of facts in the record, and whether or not the court heard any testimony is not disclosed otherwise than as indicated by the foregoing judgment.

The insurance company has brought the case to this court by writ of error; and contends that the court committed reversible error in striking out Davis' affidavit and, without hearing any evidence on the question of his agency, rendering judgment against said company.

If the record supported the assertion that the court heard no evidence on the subject, we might sustain the assignment and reverse the judgment. As before stated, there is no statement of facts in the record; but the judgment shows that there was a trial, which resulted in the court's finding certain facts to exist, among which was the fact of said Davis' being the local agent of the insurance company at the time the writ of garnishment was served. In order to determine whether or not it had acquired jurisdiction over the garnishee, the court was autho. ized,

of its own motion, and without suggestion from any one, to ascertain whether or not Davis was the garnishee's agent.   Jones v. City of Jefferson, 66 Texas, 576.   And as the final judgment in effect declares that the court ascertained, as a fact, that Davis was such agent, and as there is no statement of facts, and nothing showing that, notwithstanding the ruling as to Davis' affidavit, other testimony on that subject was not heard, we do not feel justified in holding that reversible error was committed.

In trying the question of fact as to Davis' agency he may have been placed on the stand and testified orally; and yet, on the evidence of other witnesses testifying differently, the court may have been warranted in finding that he was the local agent of the garnishee.

We find no reversible error, and affirm the judgment.

In deciding this case we have not considered the supplemental record, brought up by writ of certiorari at the instance of the defendant in error, Ford; and all the costs of and resulting from the motion for certiorari will be taxed against him; the other costs of this court will be taxed against the plaintiff in error.

*Affirmed.*