### J. E. KEEN v. E. B. FEATHERSTON.

Decided July 4, 1902.

**1.—Office—Term—Resignation—Constitutional Law.**

Under the mandate of the Constitution that "all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified," the term of a county officer continues until his successor qualifies, although he has resigned unconditionally and his resignation has been accepted by the commissioners court. Const., art. 16, sec. 17. Following McGhee v. Dickey, 4 Texas Civil Appeals, 104.

**2.—School Land—Purchase by County Surveyor.**

Where a county surveyor had unconditionally resigned his office and his resignation had been accepted by the commissioners court, but no one had been appointed to fill the vacancy, he was still disqualified from purchasing State school land by virtue of the penal statute imposing a penalty upon county surveyors for making such a purchase. Penal Code, art. 133.

Appeal from Stonewall.   Tried below before Hon. P. D. Sanders.

*Woodruff & Hughes,* for appellants.

*D. F. Goss* and *C. M. Featherston,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit of trespass to try title was brought by appellee Featherston on March 24, 1900, to recover from appellant Keen section 170, public free school land in block "D," Houston & Texas Central Railway Company certificate, in Stonewall County. The defense was not guilty.   The cause was tried by a jury, who found a verdict for Featherston upon which judgment was rendered, and therefrom this appeal was taken.

The facts are substantially as follows:   M. L. Steele was an actual settler on said section 170, and on December 1, 1898, upon his legal application the Commissioner of the General Land Office sold it to him. On January 25, 1900, this sale to Steele was canceled and forfeited by the Commissioner for abandonment, and on the same day appellant Keen, being the owner of section 156, public school land, and residing thereon with his family as an actual settler, made application to purchase section 170 as additional grazing land.   The Commissioner on same day mailed a letter notifying the clerk of the County Court of Stonewall County that the section was reclassified as dry grazing land and placed on the market at $1 per acre and to so let the records show. This letter was not received and filed by the county clerk until January 30, 1900, five days after Keen filed his application in the Land Office to purchase the section.

E. B. Featherston, appellee, was the duly elected and qualified surveyor of Stonewall County.   Having been elected first Tuesday in November, 1898, his term of office would not expire until in December, 1900.   He tendered his unconditional resignation in writing to the Commissioners Court of Stonewall County on January 14, 1900, which on said day was received and filed by the county clerk of said county, and on January 20, 1900, made application to purchase said section 170, and was qualified to purchase it unless the fact of his being county surveyor disqualified him.   He resigned for the express purpose of purchasing this section.   On February 13, 1900, the Commissioners Court accepted his resignation, but appointed no one to fill the unexpired term, and on the 14th of February, 1900, he made another application to purchase section 170, complying in each instance with the law in all respects. Both of these applications were rejected because he was surveyor of Stonewall County, and on February 23, 1900, the section was awarded to Keen, who had complied with the law in all respects and was entitled to buy it if the land was on the market when it was sold to him, and no valid application had intervened.   Hendrix v. Gracey, 93 Texas, 26; Hazelwood v. Rogan, 95 Texas, 295; Steward v. Wagley, rendered by us May 17, 1902.

The only material question in this case is whether Featherston was disqualified from purchasing the section in controversy upon his application of February 14, 1900, by reason of his being still the surveyor of Stonewall County.

Our Penal Code provides, article 123: "If any person who is an officer or clerk in the General Land Office, or a district surveyor, or deputy district surveyor, or county surveyor, or his deputy, shall directly or indirectly be concerned in the purchase of any right, title, or interest in any public land, in his own name or in the name of any other person, or shall take or receive any fee or emolument for negotiating or transacting any business connected with the duties of his office, other than the fees allowed by law, he shall be fined in a sum not exceeding five hundred dollars."

Our Constitution (section 17, article 16) provides: "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

This provision of our Constitution seems to be mandatory. It does not say nor does it mean that officers *may* perform the duties of their offices until their successors are qualified, but that they *shall* do it. Such is the contract between them and the State when they take the office, and there are many good reasons why the Constitution should be thus interpreted. Some of them are, that the functions of government must not cease, and the public records of the office must be preserved and handed over to a successor. In McGhee v. Dickey, 4 Texas Civil Appeals, 104, Justice Stephens said in delivering the opinion of this court in construing this provision of the Constitution: "The public necessity for continuity of official tenure is not left to the caprice of the officeholder. The contract for public service imposes a mutual obligation upon the officer and the public which can not be arbitrarily dispensed with by either party." Citing Mechem on Pub. Off., sec. 414; 19 Am. and Eng. Enc. of Law, 562r; Edwards v. United States, 103 U. S., 471; Thompson v. United States, Id., 480; Badger v. United States, 93 U. S., 599; Hoke v. Henderson, 4 Dev., 1; State v. Clayton, 27 Kan., 442; Jones v. City of Jefferson, 66 Texas, 576, 1 S. W. Rep., 903.

In Badger's case the Supreme Court of the United States had under consideration a section of the Constitution of Illinois which provided that the officers "shall hold their offices until their successors shall be qualified," and the court held in that case that Badger and others remained officers of the town of Amboy until their successors should qualify, notwithstanding they had resigned such offices and their resignations had been accepted by the proper authorities and entered in the proper record books, no successors having been appointed and qualified.

The provision in the Illinois Constitution is substantially the same as that contained in ours. "Continuing to perform the duties of an office" is "holding the office," and hence we conclude that Mr. Featherston was still surveyor of Stonewall County when he made his applica-

tion of February 14, 1900, and that as our penal statute imposed a penalty on him for purchasing the section in controversy, he was prohibited and disqualified from doing so.

The judgment is therefore reversed and is here rendered in favor of appellant.

*Reversed and rendered.*