

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 25, 1949

Hon. Durwood Manford, Speaker
The House of Representatives
51st Legislature
Austin, Texas

Opinion No. V-760

Re: Eligibility of a member
of the 50th Legislature
to participate in the 51st
until his successor qual-
ifies.

Dear Sir:

Your letter of January 24, 1949, reads:

"Mr. W. E. Heatly was the duly elected and
qualified member of the House of Representatives
from the 104th District in the Fiftieth Legislature,
1947. Mr. J. R. Eanes was elected to such office
for the Fifty-first Legislature, 1949. After the
election Mr. Eanes became seriously ill. Because
of such illness Mr. Eanes resigned before qualify-
ing for the office. He did not take the oath of of-
fice. Upon the receipt of the letter of resignation,
the Governor called a special election which is to
be held on or about February 10, 1949.

"I would appreciate your opinion as to wheth-
er Mr. Heatly is eligible to serve as a Representa-
tive of that district until such time as a Represent-
ative is elected at the February special election."

The answer to your question is yes. While Section 4
of Article III of the Texas Constitution states that the term of the
members of the House of Representatives shall be two years, Sec-
tion 17 of Article XVI further says that:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

Members of the House are "officers" of this State as that term is used in the above section. Terrell v. King, 118 Tex. 237, 14 S.W.2d 786. And you state that Mr. Eanes did not qualify as a member of the 51st Legislature.[1] So the provisions of Section 17 are controlling here: that Mr. Heatly, as an officer of this State, shall continue to perform the duties of his office until his successor shall be duly qualified.

The purpose of the constitutional provision is to insure, in so far as possible, that there be no cessation in the functions of government. It continues the officer in the office with all the powers incident thereto until his successor has duly qualified. Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903; State v. Jordon, 28 S.W. 2d 921 (Civ. App. 1930, writ dism'd); 34 Tex. Jur. 373, Officers, Sec. 31; 46 C. J. 968, Officers, Sec. 110; annotation 74 A. L. R. 486.

## SUMMARY

Where a person was elected to the House of Representatives of the 51st Legislature but resigned thereafter and did not qualify for the office, the member of the 50th from that District shall continue to perform the duties of his office in the 51st Legislature until his successor is

---

[1] He did not take the oath required by Section 1 of Article XVI which says: "Members of the Legislature . . . before they enter upon the duties of their offices, shall take the following oath . . ." For a discussion of what constitutes a "qualification" for the office of Representative or Senator see C. M. Cureton's opinion to Gov. Colquitt set out in Reports and Opinions of the Attorney General 1914-1916, page 505. It is assumed as a fact here that Mr. Eanes did not qualify.

selected at a special election and qualifies for the office. Sec. 17 of Art. XVI, Texas Constitution.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Joe R. Greenhill*

Joe R. Greenhill
Executive Assistant

JRG:erc

APPROVED:

*Price Daniel*
ATTORNEY GENERAL