

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 19, 1961

Honorable P. Frank Lake          Opinion No. WW-1228
Secretary of State
Austin, Texas                    Re:  Date on which a State Repre-
                                      sentative ceases to be a
                                      member of the House of
                                      Representatives,under the
Dear Mr. Lake:                        stated facts.

          Your request for an opinion of this office reads as
follows:

          "The Honorable James A. Turman, Speaker of the
     House of Representatives, has raised a question as
     to the expiration of the term of office of Honorable
     Franklin Scott Spears, State Representative from
     the Sixty-Eighth Representative District, Place No.
     2, comprising Bexar County, Texas.  The circumstances
     are that Representative Spears resigned effective
     December 15, 1961 and such resignation was accepted
     by the Governor.  The unofficial returns indicate
     that Mr. Spears was elected to the Texas Senate at
     the Special Election held on December 16; however,
     neither he nor his successor, who was also elected
     on December 16, can take their oaths of office and
     qualify for the respective offices until the results
     have been officially canvassed, and the results
     announced and certificates of election issued as
     provided by law.

          "It would appear under the provisions of Sec-
     tion 17 of Article XVI of the Texas Constitution
     that a member of the Legislature holds over until
     his successor is duly elected and qualified and
     that Mr. Spears can continue to perform the duties
     of his office until such time.  Attorney General
     Opinion No. V-760 seems to substantiate this
     position.

          "The urgency of an answer to this question is
     that Representative Spears is the Chairman of a
     Special House Committee which meets on Thursday,
     December 21, and the Speaker of the House desires

to know if Representative Spears will be duly authorized to continue acting in his capacity as chairman of such Committee until his successor has qualified for the office or until Mr. Spears has qualified as a member of the Senate.

"I extend my respects and appreciation for your early consideration of this matter."

While your question is framed to ask when Representative Spears' membership in the House of Representatives ceases, it is apparent from your letter that the real concern is as to when his membership on the Special House Committee terminates. In this instance, these dates coincide.

Termination of membership on interim committees of the Legislature is governed by Article 5429e of Vernon's Texas Civil Statutes, as amended by Section 9 of the Legislative Reorganization Act of 1961 (Chapter 303, Acts of the 57th Legislature, Regular Session, 1961, codified as Article 5429f of Vernon's Texas Civil Statutes). Article 5429e now reads:

"Section 1. That the membership of any duly appointed Senator or Representative on the Legislative Budget Board or on the Legislative Council, or on any other Interim Committee, shall, on the following contingencies, terminate, and the vacancy created thereby shall be immediately filled by appointment for the unexpired term in the same manner as other appointments to the Legislative Budget Board, the Legislative Council, or the other Interim Committee, as the case may be, are made:

"(a) Resignation of such membership;

"(b) Cessation of membership in the Legislature for death or any other reason."

Subdivision (a) of this statute refers to resignation of membership on the interim committee. Representative Spears has resigned as a member of the House of Representatives, but he has not submitted a resignation of his membership on the interim committee. This subdivision, therefore, does not apply to the fact situation before us. It remains to determine when his membership on the committee terminates by virtue of his

cessation of membership in the Legislature--in other words, on what date does he cease to be a member of the House of Representatives.[1]

Article XVI, Section 17, of the Texas Constitution provides that "all officers of this State shall continue to perform the duties of their offices until their successors shall be duly qualified." Attorney General's Opinion V-760 (1949), referred to in your opinion request, held that this constitutional provision applies to the office of State Representative, and that after expiration of a Representative's elected term of office this "hold-over" provision continues him in the office with all the powers incident thereto until his successor has duly qualified.

Opinion V-760 dealt with continuation in office after the expiration of the term for which the officer was elected. The hold-over provision, which has been construed by the courts as mandatory, also continues an officer in the office, following his resignation, until his successor has qualified. Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903 (1886); Keen v. Featherston, 69 S.W. 983 (Civ.App. 1902, error ref.); Plains Common Consol. School Dist. No. 1 v. Hayhurst, 122 S.W.2d 322 (Civ.App. 1938).

Although the hold-over provision is said to be mandatory, an officer may divest himself of an office before his successor has qualified, by himself qualifying for and entering upon the duties of another office which he cannot lawfully hold at the same time. State ex rel. Peden v. Valentine, 198 S.W. 1006 (Civ.App. 1917, error ref.); Pruitt v. Glen Rose Independent School Dist. No. 1, 126 Tex. 45, 84 S.W.2d 1004 (1935).

------

[1] Under the present facts, Representative Spears' membership in the Senate will commence simultaneously with cessation of his membership in the House, if he qualifies for the Senate before his successor qualifies for the House, and in those circumstances there would have been no cessation of his membership in the Legislature. However, this sub-division obviously must be construed to mean cessation of membership in the branch of the Legislature from which the member was appointed to the interim committee.

A person elected to an office qualifies by taking the oath of office and giving bond, if one is required by law. 34 Tex.Jur., Public Officers, Sec. 24, and cases cited. No bond is required of a member of the Legislature, but he must take the oath prescribed by Article XVI, Section 1, of the Texas Constitution before entering upon the duties of his office. Representative Spears' membership in the House will cease when he takes the oath as Senator or when his successor in the House has qualified by taking the oath, whichever event occurs first.

### SUMMARY

Where a State Representative resigns to run for an unexpired term in the State Senate and is elected to that office, his membership in the House of Representatives continues until he takes the oath as Senator or until his successor in the House of Representatives takes the oath for that office, whichever event occurs first. Tex. Const., Art. XVI, Sec. 17.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Mary K. Wall
Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis, Jr.
Howard Mays
Marietta Payne
Marvin Thomas

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee