

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 25, 1967

Honorable Gordon H. Lloyd
Executive Secretary
Employees Retirement System
  of Texas
Austin, Texas    78711

Opinion No. M-153

Re:  Retirement of judges under
     the provisions of Section
     la of Article V of the
     Constitution of Texas.

Dear Mr. Lloyd:

Your request for an opinion reads as follows:

"The State Employees Retirement System is
responsible for the general administration and
proper operation of the Judicial Retirement
System.  (Article 6228b-8, Vernon's Civil
Statutes of Texas.)  To meet this responsibi-
lity, we respectfully request your opinion as
to the proper interpretation of Article XVI,
Section 17 and Article V, Section 1-a, Sub-
section (1) Constitution of Texas.  Article
V was amended November 2, 1965, and provided
for the mandatory retirement of Judges upon
reaching age 75, with exceptions for those
lacking sufficient service for retirement.
In this regard we submit the following ques-
tions:

"1.  What is the effective date of re-
tirement for a District or Appellate Judge,
the date selected by the Judge or the date
his successor qualifies?

"2.  Must a District or Appellate Judge,
over the age of 75, and with the required 10
or more years of Judicial Service, retire be-
fore the end of his current term, even though
the 1965 Constitutional Amendment was adopted
and became effective during his current elec-
tive term?

"3.  May a District or Appellate Judge
over the age of 75 <u>at the time the 1965 Con-</u>

stitutional Amendment was adopted, but with less than 10 years Judicial Service at this time, continue to serve to the end of the term in which he completes (not necessarily the current term) the required minimum 10 years of Judicial Service?

"4.    May a District or Appellate Judge under age 75 at this time, but with the required 10 or more years of Judicial Service at the time of the adoption of the 1965 Constitutional Amendment, continue to serve beyond age 75 in order to complete the term for which he was elected?

"(The following questions relate to an interpretation of Article 6228b-2, Vernon's Civil Statutes of Texas as amended by H.B. 570, Sixtieth Legislature, Regular Session, 1967.)

"5.    If your answer to Question 3 is to permit the Judge to serve beyond his current term so as to complete the required 10 years of Judicial Service, may he upon retirement be awarded the additional 10% to his base annuity as provided for by Article 6228b-2, Vernon's Civil Statutes of Texas?

"6.    If your answer to Question 4 is to permit the Judge to serve out his term, may he upon retirement be awarded the additional 10% to his base annuity, if he does not reach age 75 during the current term?

"Your opinion is necessary on the foregoing six questions in order that we may properly advise the Members of the Judiciary with regard to the 1965 Constitutional Amendment and the 1967 Amendment to the Judicial Retirement Act.  This office has not previously made an interpretation of the 1965 Constitutional Amendment, and since the passage of H.B. 570 referred to above involves the payment of an additional 10%, it now becomes necessary for us to have proper guidance.

". . ."

Section 17 of Article XVI of the Constitution of Texas provides that "all officers of this State shall continue to

perform the duties of their offices until their successors shall be duly qualified." This provision, which has been construed by the courts as mandatory, continues an officer in the office following his resignation until the successor has qualified. Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903 (1886); Keen v. Featherston, 69 S.W. 983 (Tex.Civ.App. 1902, error ref.); Plains Common Consol. School Dist. No. 1 v. Hayhurst, 122 S.W.2d 322 (Tex.Civ.App. 1938). However, an officer may divest himself of an office before his successor has qualified by himself qualifying for and entering upon the duties of another office which he cannot lawfully hold at the same time. Peden v. Valentine, 198 S.W. 1006 (Tex.Civ.App. 1917, error ref.); Pruitt v. Glen Rose Independent School District No. 1, 126 Tex. 45, 84 S.W.2d 1004 (1935).

The provisions of Section 1a of Article V, Constitution of Texas, applicable to your questions, read as follows:

"The office of every such Justice and Judge shall become vacant when the incumbent reaches the age of seventy-five (75) years or such earlier age, not less than seventy (70) years, as the Legislature may prescribe; but, in the case of an incumbent whose term of office includes the effective date of this Amendment, this provision shall not prevent him from serving the remainder of said term nor be applicable to him before his period or periods of judicial service shall have reached a total of ten (10) years."

It is stated in Attorney General's Opinion M-151:

"Under the facts submitted in your request, the provisions of Section 1a of Article V above quoted did not become applicable to Justice Werlein until 'his period or periods of judicial service should have reached a total of ten years. The term of office that Justice Werlein was serving at the time his period of judicial service reached a period of ten years, did not include the effective date of the adoption of Section 1a of Article V of the Constitution. Under the facts submitted in your request Judge Werlein qualified as Judge of the 157th District Court of Harris County on the 1st day of September, 1957 and he has continued to serve continuously either as Judge of the 157th District Court or as Associate Justice of the Court of Civil Appeals.

> Therefore, the period of judicial service reached
> a total of ten years on midnight, August 31, 1967.
> As of that date, the provisions of Section 1a of
> Article V, in our opinion, became applicable to
> Justice Werlein under the facts submitted by you.
> Section 1a of Article V specifically provides
> under such circumstances 'the office. . . shall
> become vacant. . . .' The provisions of Section
> 1a of Article V have not been construed by the
> courts of this State. However, we believe that
> the above quoted provisions are mandatory and
> the office of Associate Justice of the Court of
> Civil Appeals previously held by Justice Werlein
> has become vacant and that Justice Werlein does
> not hold over until his successor has qualified.
> We are supported in this view by the fact that
> it has been administratively determined by the
> Chief Justice of the Supreme Court that Justice
> Werlein was eligible for assignment by the Chief
> Justice of the Supreme Court to sit as Judge in
> the 80th District Court of Harris County."

The facts under consideration in Attorney General's Opinion M-151 were that Justice Werlein was 75 years of age when the provisions of Article V, Section 1a of the Constitution of Texas was adopted; had served the term for which he was elected at the time Section 1a of Article V was adopted in November, 1965, and was serving another term to which he was elected after the adoption of Section 1a of Article V; and had qualified as Judge of the 157th District Court on the 1st day of September, 1957, and continued to serve continuously either as Judge of the 157th District Court or as an Associate Justice of the Court of Civil Appeals.

In view of the foregoing your questions are answered as follows:

(1) This question is fully answered in Attorney General's Opinion M-151 quoted in part hereinabove.

(2) A District or Appellate Judge over the age of 75 and with the required ten or more years of judicial service is not required to retire before the end of the elective term in existence at the time Section 1a of Article V became effective.

(3) A District or Appellate Judge over the age of 75 at the time Section 1a of Article V was adopted, but with less than ten years of judicial service, may continue to serve

until he has reached the required minimum of ten years judicial service, but he may not continue in office past the tenth anniversary of his judicial service if the term of office in which he reached such anniversary commenced after Section la of Article V became effective.

(4) If such term of office includes the effective date of Section la of Article V, then a District or Appellate Judge under the age of 75, but with the required ten years or more of judicial service at the time of adoption of Section la of Article V, may continue to serve beyond the age of 75 in order to complete the term for which he was elected.

(5) Section 2 of Article 6228b, Vernon's Civil Statutes, as amended by House Bill 570, Acts of the 60th Legislature, Regular Session, 1967, Chapter 692, p. 1808, reads, in part, as follows:

> ". . . An additional ten percent (10%) of the applicable salary shall be added to the base retirement payments to the following judges: (1) those eligible for retirement under any provisions of this Act as amended who retire at or before age seventy (70); (2) those who are not eligible by length of service to retirement benefits at age 70 but who retire immediately upon becoming eligible; and (3) those in office on September 1, 1967, who then are or during their current term of office will be seventy (70) or more years of age and who retire at or before the end of their current term of office; provided, however, the additional ten percent (10%) benefit shall not be paid to any judge who has been out of office for a period of longer than one (1) year at the time he applies for retirement benefits under this Act."

In answer to your question No. 5, under the facts submitted in question No. 3, the Judge or Justice was not eligible for retirement benefits at age 75. Under the situation posed in your present question, it is necessary for the Judge to serve all or part of an additional term in order to complete his ten years of service. Upon completion of such ten years, he is retired by operation of law. He would then become entitled to receive the additional 10% authorized by Subdivision a (2), Section 2, Article 6228b, provided he is retired on or after Sept. 1, 1967, under the provisions of Subdivision b of Section 2 of said Article.

(6) In answer to question No. 6, the facts involved

are that the Judge is under age 75 but has completed ten years of service.  He continues to serve out his term which began before the effective date of Section 1a of Article V.  At the end thereof, he may or may not have reached age 75.  If the Judge retires at or before age 70, he receives the extra 10% under Subdivision (1).  If he was serving on September 1, 1967, if he will be 70 or more during the current term, and if he retires at or before the end of such term, he would receive the 10% under Subdivision (3).

## S U M M A R Y

Section 1a of Article V of the Constitution of Texas is mandatory and the effective date of retirement of a Justice or Judge under its provisions is the date on which the provisions of Section 1a of Article V of the Constitution of Texas apply to the particular Justice or Judge, and the office becomes vacant at that time.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Malcolm Quick
Charles Rose
Arthur Sandlin

A. J. CARUBBI, JR.
Staff Legal Assistant