

THE ATTORNEY GENERAL
OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 12, 1970

*Werlein no. Calvert*
*12-31-70*
*460 SW 2d 398*
*Reverses Answer to*
*Question no. 4*

Honorable Gordon H. Lloyd
Executive Secretary
Employees Retirement System
Capitol Station
Austin, Texas 78711

Opinion No. M-627

Re: Certain questions
relating to judicial
service retirement

Dear Mr. Lloyd:

Your request for an opinion on the above subject matter asks the following questions:

"1. Does a judge eligible for service retirement who makes application to retire on a date of his choosing thereby fix:

"a. the date the office is vacated

"b. the date he becomes a retired judge eligible to exercise retirement options

"c. the date he is to be removed from the judicial payroll to be placed the following day on the retirement payroll

"2. If an eligible judge makes application for disability retirement as of a certain date, is that the date upon which he is to be removed from the active payroll and thereafter placed upon the disability retirement payroll, even if no successor has qualified?

"3. Does the office of a judge who is legally removed for cause become vacant at that time even if no successor has qualified?

"4. Does the Constitutional provision for automatic vacancy of judicial office at age 75 (exceptions noted) affect the eligibility of retired judges over 75 years of age to continue as judicial officers subject to temporary assignment?"

Section 1-a of Article V of the Constitution of Texas provides:

"The office of every such Justice and Judge shall become vacant when the incumbent reaches the age of seventy-five (75) years or such earlier age, not less than seventy (70) years, as the Legislature may prescribe; but, in the case of an incumbent whose term of office includes the effective date of this Amendment, this provision shall not prevent him from serving the remainder of said term nor be applicable to him before his period or periods of judicial service shall have reached a total of ten (10) years."

Subdivision (a) of Section 2 of Article 6228b, Vernon's Civil Statutes, reads as follows:

"(a) Any judge in this state may, at his option, retire from regular active service after attaining the age of sixty-five (65) years and after serving on one or more of the courts of this state at least ten (10) years continuously or otherwise, provided that his last service prior to retirement shall be continuous for a period of not less than one year. Any person who has served on one or more of the courts of this state at least twelve (12) years, continuously or otherwise, regardless of whether he is serving on a court at such time, shall after attaining the age of sixty-five (65) years, be qualified for retirement pay under this Act. Any person retiring in accordance with this Act after the effective date of this amendment shall, during the remainder of such person's lifetime receive from the State of Texas monthly a base retirement payment equal to fifty percent (50%) of the salary being received by a judge of a court of the same classification last served by such person as judge. An additional ten percent (10%) of the applicable salary shall be added to the base retirement payments to the following judges: (1) those eligible for retirement under any provisions of this Act as amended who retire at or before age seventy (70); (2) those who are not

eligible by length of service to retirement benefits at age 70 but who retire immediately upon becoming eligible; and (3) those in office on September 1, 1967, who then are or during their current term of office will be seventy (70) or more years of age and who retire at or before the end of their current term of office; provided, however, the additional ten percent (10%) benefit shall not be paid to any judge who has been out of office for a period of longer than one (1) year at the time he applies for retirement benefits under this Act. Any judge drawing retirement at the effective date of this Act shall receive the same retirement pay as judges of the same classification who have retired on the current pay scale; that said judge shall be entitled to any raises based upon increases in current salary."

Section 3 of Article 6228b, Vernon's Civil Statutes, reads as follows:

"If a judge has served on one (1) or more of the courts of this state at least seven (7) years, continuously or otherwise, and because of disability can no longer perform his regular judicial duties as such judge, he shall be retired from regular active service, irrespective of his age, and shall be entitled to retirement pay during the remainder of his lifetime or during the period of such disability, under the same conditions and limitations as provided in Section 2 of this Act.

"Any judge coming within the purview of this Statute who shall apply for retirement by reason of physical incapacity shall file with the Supreme Court of Texas written reports by two (2) licensed physicians of the State of Texas fully reporting the claimed physical incapacity; and the Chief Justice of the Supreme Court of Texas is hereby vested with the authority to appoint a licensed physician of the State of Texas to make any additional medical investigation they deem necessary. Provided, however, that if such physical disability is caused or results from the intemperate use of alcohol or narcotic drugs, such facts shall be grounds for denial of such benefits."

In view of the express provisions of Section 1-a of Article V of the Constitution of Texas and Subdivision (a) of Section 2 of Article 6228b, it is our opinion that a judge who is eligible for retirement has the constitutional right to retire.  Therefore, the provisions of Section 17 of Article XVI of the Constitution of Texas should not be construed so as to prevent a judge from retiring who is eligible for retirement if he desires to avail himself of the provisions of Section 1-a of Article V of the Constitution of Texas and the provisions of Article 6228b, Vernon's Civil Statutes (Judicial Retirement Act).

Section 17 of Article XVI of the Constitution of Texas provides that "all officers of this State shall continue to perform the duties of their offices until their successors shall be duly qualified."  This provision, which has been construed by the courts as mandatory, continues an officer in office following his resignation until his successor has qualified.  Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903 (1886); Keen v. Featherston, 69 S.W. 983 (Tex.Civ.App. 1902, error ref.); Plains Common Consol. School Dist. No. 1 v. Hayhurst, 122 S.W.2d 322 (Tex.Civ.App. 1938).  However, an officer may divest himself of an office before his successor has qualified by himself qualifying for and entering upon the duties of another office which he cannot lawfully hold at the same time.  Peden v. Valentine, 198 S.W. 1006 (Tex.Civ.App. 1917, error ref.); Pruitt v. Glen Rose Independent School District No. 1, 126 Tex. 45, 84 S.W.2d 1004 (1935).

In Attorney General's Opinion M-151 (1967), it was held that Section 1-a of Article V of the Constitution of Texas is mandatory and when applicable the office of justice or judge becomes vacant and the justice or judge does not hold over until his successor has qualified.

Your questions are accordingly answered as follows:

1.  A judge eligible for service retirement who makes application to retire on a date of his choosing thereby fixes the date the office is vacated, the date he is eligible to exercise retirement options and the date he is to be removed from the judicial payroll to be placed on the following day on the retirement payroll.

2.  If an eligible judge makes an application for disability retirement as of a certain date, such date is the date upon which he is removed from the judicial payroll and is

thereafter placed upon the disability retirement payroll, even if no successor has qualified.

3. If a judge is legally removed from office for cause, such office becomes vacant at that time even if no successor has qualified.

4. Section 7 of Article 6228b provides that any person who is retired under the provisions of the Judicial Retirement Act may elect to continue as a judicial officer and be subject to assignment by the Chief Justice of the Supreme Court. This provision is authorized under Section 1-a of Article V of the Constitution which has the following history of amendments and limitations:

Section 1-a was added to Section 1 in November, 1948, by amendment, in the following words:

"The Legislature shall provide for the retirement and compensation of Judges and Commissioners of the Appellate Courts and Judges of the District and Criminal District Courts on account of length of service, age or disability, and for their reassignment to active duty where and when needed."

Section 1-a of Article V has been subsequently amended in 1965 and now reads, in pertinent part, as follows:

"(1) Subject to the further provisions of this Section, the legislature shall provide for the retirement and compensation of Justices and Judges of the Appellate Courts and District and Criminal District Courts on account of length of service, age and disability, and for their reassignment to active duty where and when needed. The office of every such Justice and Judge shall become vacant when the incumbent reaches the age of seventy-five (75) years or such earlier age, not less than seventy (70) years, as the Legislature may prescribe...." (Emphasis added.)

The history of Section 1-a of Article V, as amended, clearly shows that the intent of the amendment was to subject the action of the Legislature to the mandatory provision of Section 1-a which says "....The office of every such Justice and Judge shall become vacant when the incumbent reaches the age

of seventy-five (75) years...." and to allow the Legislature some discretion to set an earlier age, not less than seventy (70), for the same purpose. (Emphasis added). The underscored phrase refers back to the last antecedent preceding it. This is "and for their reassignment to active duty when and where needed." However, from a reading of the constitutional provision it is crystal clear that it also refers back to those Justices and Judges first referred to in the first sentence of Section 1-a. The next provision is the office "shall become vacant when the incumbent reaches the age of seventy-five (75) years..." and this provision refers to all of those active judges and to all those retired Judges assigned to active duty after their retirement.

The language of this constitutional provision must be construed as the voters at the time of its adoption reasonably understood it. Orndorff v. State, 108 S.W.2d 206 (Tex.Civ.App. 1937, error ref.) In this connection, the controlling rule is set out in 12 Texas Jurisprudence 2d 369, Constitutional Law, Section 24, as follows:

"A constitutional provision is to be construed with a view of understanding the intention of the voters, and their purpose should be ascertained and followed. Although the intention of the framers is of some inportance, the real question is what did the people intend by adopting a Constitution framed in language submitted to them? It is presumed that the language written was carefully selected and made to express the will of the people."

House Joint Resolution Number 57, 59th Legislature, Regular Session, 1965, (Vol. 1, Gen. & Spec. Laws of The State of Texas, pp. 2227-2229) recites the intent and purpose of the constitutional amendment in its caption, which states, in part, "...requiring automatic retirement of certain District and Appellate Judges at age seventy-five (75) or such earlier age, not under seventy (70), as may be provided by law; ..." (underscoring added.) Section 2 provided that the Constitutional Amendment be submitted to the voters in the following framed language, in part:

"For the Constitutional Amendment providing for the automatic retirement of District and Appellate Judges for old age,..." (Emphasis added.)

"Against the Constitutional Amendment
providing for <u>the automatic retirement</u> of
District and Appellate Judges <u>for old age</u>,..."
(Emphasis added.)

From the above showing, the intent appears clear
that judges over seventy-five are disqualified to serve.
Constitutional provisions are regarded as mandatory.  12 Tex.
Jur.2d 361, Constitutional Law, Sec. 13.  Furthermore, under
these circumstances, we cannot regard Article 6628b, Section 7,
Vernon's Civil Statutes, as having any effect whatever upon
judges over seventy-five years of age.  That statute merely
provides that any person who is retired under the provisions
of the Judicial Retirement Act may elect to continue as a judicial
officer and be subject to assignment by the Chief Justice of the
Supreme Court.  This statute could not validly refer to judges
over seventy-five.

It is settled law that "...when the constitution speaks,
either directly or by necessary implication, its voice must
be heeded; any law antagonistic thereto cannot stand..." 12 Tex.
Jur.2d 374, Constitutional Law, Sec. 30.

Any judicial appointment or assignment constitutes
"holding office" under Section 1-a of Article V, Constitution of
Texas.  It follows that retired Justices and Judges, upon
reaching the age of seventy-five years of age, are not eligible to
continue to serve as a judicial officer subject to temporary
assignment.

### S U M M A R Y

Judges eligible for retirement pursuant to
the provisions of Section 1-a of Article V of the
Constitution of Texas and the Judicial Retirement
Act enacted pursuant thereto may retire when
eligible on the date they choose and thereby
create a vacancy in the office previously held.
A vacancy is also created in the office of a judge
at the time he is legally removed for cause.
Retired Justices and Judges, upon reaching the age
of seventy-five (75) years of age, are not eligible
to continue as a judicial officer subject to
temporary assignment.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Hon. Gordon H. Lloyd, Page 8 (M-627)


Prepared by Sam L. Jones, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

J. C. Davis
Roger Tyler
Houghton Brownlee
Bob Flowers

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant