

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 13, 1971

Honorable Robert S. Calvert          Opinion No. M-772
Comptroller of Public Accounts
State of Texas                        Re:  Construction of Section 33
Austin, Texas   78711                      of Article XVI, Constitution
                                           of Texas.

Dear Mr. Calvert:

Your request for an opinion on the above subject
matter reads in part as follows:

"The Comptroller of Public Accounts re-
spectfully requests your official opinion in re-
gard to the issuance and payment of warrants for
salaries to State employees who have held other
offices or positions of trust or profit under the
State of Texas in circumstances made known to the
Comptroller as described below.

". . .

"Your opinion is requested whether the Comp-
troller may issue and pay warrants for the salaries
of the individuals mentioned above following vaca-
tion by them of their offices as commissioners,
councilmen and mayors of Texas cities.  If your
answer is in the affirmative, please advise as
to each individual the effective date from which
payment of salary may commence."

You state in your request that the State employees in
question held concurrently with their State employment the office
of city mayor, city commissioner, or city councilman.  Each has
now resigned his position as city mayor, city commissioner, or
city councilman, as the case may be, and such resignation has
been duly accepted, and their successors in each occasion have
now been duly appointed and have qualified for the office.

On November 23, 1970, in Cause No. 181,374, in the
53rd District Court of Travis County, Texas, it was determined

-3762-

by judgment and decree of the Court that Section 33 of Article XVI of the Constitution of Texas, prohibits the Comptroller of Public Accounts from drawing a warrant in payment of salary or compensation of a person who is employed as a professor at Texas A&M University so long as that person holds the elective office of Mayor or City Councilman of the City of College Station, Texas. Since that cause is still pending in the courts of this State, we will not express an opinion concerning whether Section 33 of Article XVI is applicable to a State employee who concurrently holds the office of mayor, city commissioner or city councilman. However, in view of the fact that each employee involved in your request no longer holds the office of mayor, city commissioner or city councilman, we are permitted to answer your questions without deciding the question which is involved in the above referred to pending litigation.

A public officer cannot arbitrarily divest himself of his office. McGhee v. Dickey, 23 S.W. 405 (Tex.Civ.App. 1893, no writ). The resignation of a public officer does not become effective until it has been accepted by the proper authority. Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398 (1950; Tobin v. Valerio, 309 S.W.2d 479 (Tex.Civ.App. 1958, error ref.).

Section 17 of Article XVI requires all public officers to occupy their office and perform the duties incident thereto until a successor has qualified. This provision operates to continue in office an officer who has not effectively resigned, Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903 (1886); as well as one whose resignation has been duly accepted but no successor qualified. El Paso and S.W.R. Co. v. Ankenbauer, 175 S.W. 1090 (Tex.Civ.App. 1915, error ref.); Keen v. Featherston, 69 S.W. 983 (Tex.Civ.App. 1902, error ref.); Attorney General's Opinion M-659 (1970).

In each of the instant cases described in your request, the State employee has resigned the office he held with the city, his resignation has been accepted, and his successor has qualified. You are accordingly advised the Comptroller may issue and pay warrants for the salaries of the individuals mentioned in your request on the date each of their successors qualified for the office with the city that such State employees previously held.

S U M M A R Y

Since the State employees in question have resigned city offices previously held by them and their successors to such offices have qualified, the Comptroller may issue and pay warrants for salaries of such State employees.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Craig
Ben Harrison
Jerry Roberts
Jack Goodman
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant