

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 28, 1975

The Honorable Ben Z. Grant
Chairman, Judiciary Committee
House of Representatives
P. O. Box 2910
Austin, Texas   78767

Opinion No. H- 568

Re:  The abolition of the office
of county school superintendent
on a local option basis.

Dear Chairman Grant:

You have asked three questions concerning the abolition of the office
of county school superintendent.  As you noted, Attorney General Opinions
No. M-1200 (1972); M-1237 (1972); H-52 (1973), and H-545 (1975) all held that
statutes which purport to abolish the office of county school superintendent in
a single or limited number of counties were local or special laws pertaining
to school districts; as such they were in contravention of article 3, section 56
of the Texas Constitution, and therefore void.

Your first question asks how the abolition of such offices may be
accomplished in a constitutional manner.  Specifically, you ask whether the
desired result may be reached by means of a bill of general application which
contains a local option clause.

We answer your first question in the affirmative:  a statute of general
application which makes the abolition of the office of county school superinten-
dent a local option could pass constitutional muster.  Stanfield v. State, 18
S.W. 577 (Tex. Sup. 1892); Trimmier v. Carleton, 296 S. W. 1070, 1080 (Tex.
Sup. 1927), 53 Tex. Jur. 2d, Statutes § 39.  Section 17.64 of the Education
Code which provides for abolition of these offices is an example of such a
statute.

Your second question asks:

[W]hen such offices are abolished, is art. 2688i-1,
secs. 1-4, V. T. C. S. applicable in determining
which records are to remain in the files for business
purposes in the county judge's office and which records
are to be transferred to the independent school district?

Section 4 of article 2688i-1, V. T. C. S., provides:

All school records of the original independent and/or
common school district shall be transferred to the
control and custody of the independent school district

office, save and except the original financial records which shall be retained by the county treasurer, and thereafter the county judge shall be required to make no records or reports but said reports shall be made by the superintendent of such independent school district; that as soon as practicable after the effective date of this Act, all remaining state funds in the hands of the county board of education shall be transferred by the county treasurer and the county judge to the County Independent School District's Administration account.

This statute is applicable to a county in which the office of county school superintendent and the county school board have been abolished. In addition, there must be in existence a single county-wide independent school district and no common school districts. If the preceding and all other requirements of the statute are met, section 4 provides that the original financial records of the (former) school district are to remain in the hands of the county treasurer; all other school records are to be transferred to the control and custody of the independent school district office.

It is our opinion, therefore, that if a county falls within the provisions of article 2688i-1, then section 4 of that statute would govern the storage and transfer of school records which were created during the period when there was a county school superintendent and a county school board.

Your third question asks:

[I]s it permissible for a duly elected County School Superintendent to resign and close the office when all audits are completed and all records have been filed in the proper order and approved by the Texas Education Agency, the County Judge, and the Independent School Board Superintendent?

Article 16, section 17 of the Texas Constitution provides that "[a]ll officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." This provision has been consistently interpreted as meaning that an officer whose resignation has been tendered to and accepted by proper authorities continues in office and is not released from its duties and responsibilities until his successor is appointed or chosen and qualifies. Jones v. City of Jefferson, 1 S. W. 903 (Tex. Sup. 1886); Keen v. Featherston, 69 S. W. 983 (Tex. Civ. App. 1902, writ ref'd); McGhee v. Dickey, 23 S. W. 404 (Tex. Civ. App. 1893, no writ); and Plains Common Consol. School Dist. No. 1 of Yoakum County v. Hayhurst, 122 S. W. 2d 322 (Tex. Civ. App. -- Amarillo 1938, no writ). See also, Attorney

General Opinions V-760 (1949); O-410 (1939), O-789 (1939).

It is clear that article 16, section 17 of the Texas Constitution compels the conclusion that a duly elected county school superintendent may not resign the position and close the office; rather, that officer must continue to fulfill his duties until a successor has been duly qualified.

We therefore answer your third question in the negative.

### SUMMARY

The Texas Constitution permits a statute of general application which provides for the abolition of the office of county school superintendent on a local option basis. Section 17.64 of the Education Code is an example of such a statute.

For those counties to which it applies, art. 2688i-1, V. T. C. S., governs where school records are to be stored and transferred.

A county school superintendent may not resign his position and terminate the operation of his office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb