STATE ex rel. PEDEN v. VALENTINE.
(No. 8894.)

(Court of Civil Appeals of Texas. Ft. Worth.
Oct. 20, 1917. Rehearing Denied
Oct. 27, 1917.)

1. OFFICERS ⬡➡30—JUDGES—MEMBER OF LEG-
ISLATURE—VACANCY IN OFFICE—CONSTITU-
TIONAL PROVISIONS.
    Const. art. 16, § 17, provides that all officers
in the state shall continue to perform the duties
of their office until a successor has qualified.
A member of the Legislature accepted and qual-
ified for the office of judge of the county court
of Tarrant county for civil cases, without re-
signing his membership in the Legislature.
*Held*, that such action vacated his office as
representative, and that he was not ineligible for
appointment to the judicial office by the prop-
erly constituted authority, though no successor
to his legislative office had qualified.

2. JUDGES ⬡➡3—COUNTY OFFICE—CONFIRMA-
TION BY SENATE—CONSTITUTIONAL PROVI-
SIONS — "STATE OFFICE" — "DISTRICT OF-
FICE."
    Under Const. art. 4, § 12, providing that all
vacancies in state or district offices, except mem-
bers of the Legislature, shall be filled, unless
otherwise provided by law, by appointment by
the Governor, which, if made in recess, shall be
nominated to the senate, and that, if rejected, the
office shall immediately become vacant, and that
the Governor shall then make further nomina-
tions until there has been confirmation, and in
view of article 5, § 15, establishing in each
county a county court, etc., and article 5, § 1,
as amended, authorizing the Legislature to pro-
vide courts other than those named in the Con-
stitution, and Vernon's Sayles' Ann. Civ. St.
1914, art. 1799 et seq., providing for county
court for civil cases for Tarrant county, the
office of judge of that court is not a state or dis-
trict office, but a county office, so that the ap-
pointee's confirmation by the senate was not
necessary to the validity of his appointment.
    [Ed. Note.—For other definitions, see Words
and Phrases, Second Series, State Office.]

3. JUDGES ⬡➡8 — APPOINTMENT — COUNTY
JUDGES—UNCONSTITUTIONALITY OF STATUTE.
    Vernon's Sayles' Ann. Civ. St. 1914, art.
1804, providing that all vacancies in the office of
the judge of the county court for civil cases in
Tarrant county shall be filled by appointment
of the Governor until the next general election
thereafter, conflicts with Const. art. 4, § 12, pro-
viding that all vacancies in state or district
offices, except members of the Legislature, shall
be filled, "unless otherwise provided by law,"
by appointment of the Governor with the ad-
vice and consent of two-thirds of the senate pres-
ent, and article 5, § 28, providing that vacancies
in the office of county judge shall be filled by
the commissioners' court until the next general
election for such office.

4. STATUTES ⬡➡163—IMPLIED REPEAL.
    A general provision sufficiently comprehen-
sive to include a given subject-matter will be
controlled by another provision specifically re-
lating to the same subject-matter.

    Appeal from District Court, Tarrant Coun-
ty; R. E. L. Roy, Judge.

    Quo warranto by the State of Texas, on
relation of R. F. Peden, against I. T. Valen-
tine. Judgment for respondent, and the re-
lator appeals. Judgment reversed, and judg-
ment rendered that defendant unlawfully
intrudes in the office of county judge for
Tarrant county for civil cases, and that he

be ousted therefrom, and the prayer of the
relator to be installed in such office denied.

    Marshall Spoonts, Miller & Miller, and J.
A. Templeton, all of Ft. Worth, for appel-
lant. McLean, Scott & McLean and L. M.
Levy, all of Ft. Worth, for appellee.

    CONNER, C. J. This is a quo warranto
proceeding by the state to test the validity
of I. T. Valentine's claims to the office of
judge of the county court of Tarrant county
for civil cases. The information was filed
by the county attorney upon the relation of
Robert F. Peden, who also claims the office.
Both Peden and Valentine claim under ap-
pointments of the Governor made to fill a
vacancy as provided by the law creating the
court. Valentine's appointment was by Hon.
Jas. E. Ferguson, then the regularly elected
and acting Governor, during a recess of the
Legislature, but this appointment, when re-
ported to the senate thereafter convened,
was rejected by the senate. Thereafter and
thereupon the relator, Robt. F. Peden, was
appointed to said office by Hon. W. P. Hobby,
who in the meantime had been installed as
the duly qualified and acting Governor of
the state. This latter appointment, upon its
immediate report to the senate then in ses-
sion, was ratified and confirmed by the sen-
ate. Peden soon qualified by taking the
oath and giving the bond required by law,
and forthwith demanded of Valentine pos-
session of the office. But the respondent,
Valentine, having theretofore also qualified
after his prior appointment, and having
theretofore taken possession of the office and
entered upon a discharge of its duties, re-
fused to surrender the office to Peden,
claiming that Peden's appointment was un-
authorized. Whereupon the state, acting by
its duly authorized county attorney, insti-
tuted this proceeding by filing in a district
court of Tarrant county an information upon
the relation of Peden seeking the writ of quo
warranto to oust said Valentine from said
office and to install Peden therein.

    As tried below the validity of I. T. Valen-
tine's claims to office was made to depend:
First, on whether I. T. Valentine was in-
eligible by reason of the fact shown in evi-
dence that at the time of his appointment
he was a duly elected, qualified, and acting
member of our Legislature; and, second,
on whether the office of judge of the county
court of Tarrant county for civil cases is a
county office, as contradistinguished from a
state or district office. Both of these ques-
tions were decided by the trial court in favor
of the respondent, Valentine, and judgment
was accordingly rendered against the state,
and the state has appealed, and assigns er-
ror to these rulings.

    [1] While perhaps not material to the final
conclusion reached by us upon consideration
of the whole case, it may not be improper to

say in reference to the question first presented that we agree with the trial judge in the conclusion that the appellee, Valentine, was not ineligible at the time of his appointment as judge. It is true, as urged, that our Constitution (section 17, art. 16) provides that all officers in the state shall continue to perform the duties of their office until a successor has been qualified, and that respondent at no time tendered his resignation as a representative in the Legislature, nor was his successor elected or qualified. There is also a line of cases holding that, under laws such as section 17, art. 16, of our Constitution, the resignation of an officer will not be fully effective until the appointment and qualification of a successor; the policy of the law being to prevent vacancies and preserve continuity of term. Of this class of cases appellant has cited the following: Jones v. City of Jefferson, 66 Tex. 576, 1 S. W. 903; McGhee v. Dickey, 4 Tex. Civ. App. 104, 23 S. W. 405; Keen v. Featherston, 29 Tex. Civ. App. 563, 69 S. W. 983; El Paso & S. W. R. Co. v. Ankenbauer, 175 S. W. 1090.

By reference thereto it may be seen that none of them are cases where the officer whose resignation was under consideration had been tendered and accepted another office with duties incompatible with those of the first. They are all cases where some private right was involved, and the prevention of a vacancy in office was necessary to the ends of justice or of public policy. In the case before us, however, Valentine, while representative, was tendered and accepted another office incompatible with that first held by him. In such cases it is very generally held that the acceptance of, and qualification for, the second office creates a vacancy in the first. The legal effect is thus stated by Mr. Justice Moore of our own Supreme Court in the case of Biencourt v. Parker, 27 Tex. 562, 563:

"The Constitution declares, that 'no person shall hold or exercise at the same time, more than one civil office of emolument, except that of justice of the peace.' Article 7, § 26. On the acceptance and qualification of a person to a second office incompatible with one he is then holding, the first office is ipso facto vacated. * * * A resignation by implication will take place by being appointed to and accepting a new office incompatible with the former one. It is said to be an absolute determination of the original office, and leaves no shadow of title to the possessor; so that neither quo warranto nor a motion is necessary before another may be elected."

Of like effect are the following cases: State of Texas v. J. T. Brinkerhoff, 66 Tex. 45, 17 S. W. 109; Ex parte Call, 2 Tex. App. 497; Webb et al. v. Reynolds, 160 S. W. 152; Meachem on Public Officers, §§ 420, 421; cases cited in 37 Cent. Dig. p. 1886, § 79.

In one class of cases the officer has acted in his own or another's interest in violation of public policy, or to the detriment of some private third party. In the other class the officer has been called upon and qualified to perform public duties by the duly authorized representative of the sovereign power over all offices. In such case and when the Constitution forbids the holding of both offices, it must be held that section 17, art. 16, requiring continued performance of official duty, is without application. We conclude, therefore, that the respondent, Valentine, was and is not ineligible for appointment by the properly constituted authority merely because he has not resigned his legislative office, and no successor thereto has qualified.

[2] This brings us to the consideration of the second question herein presented, viz.: Is the office of judge of the county court of Tarrant county for civil cases a state or district office, or is it a county office? If the latter, then in no event was confirmation of Valentine's appointment as judge by the senate necessary to the validity of the appointment; the law nowhere so providing. If of either of the former classes, then, as insisted by appellant, confirmation by the senate was necessary, under section 12, art. 4, of the Constitution, which reads:

"All vacancies in state or district offices, except members of the Legislature, shall be filled, unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the senate present. If made during the recess of the senate, the said appointee or some other person to fill such vacancy, shall be nominated to the senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations until a confirmation takes place. * * *"

An examination of the Constitution as a whole plainly shows that in organizing the judicial power of the state courts of distinct grades and classes were provided, which were given carefully prescribed spheres of action within which the judicial functions of each could be exercised. In thus apportioning the judicial power the several classes of courts were distinctly named. Thus we have a Supreme Court, a Court of Criminal Appeals, Courts of Civil Appeals, district courts, county courts and justices' courts. Each court named not only has its powers carefully defined so as to prevent conflicts with other courts, but to the same end is given carefully prescribed territorial limits. Thus section 15, art. 5, of the Constitution provides that "there shall be established in each county in this state a county court," etc., and its jurisdiction or power is defined. No other court of all those provided is given the same powers or has been so named. The citizen, therefore, when one of these courts is named in a law, is not left to inferences in order to determine the character of court referred to. It is so plain that "he who runs may read."

We must reject, therefore, the state's contention that the "county court of Tarrant county for civil cases" is a state or district court, and that hence its judge is a state

or district officer within the meaning of section 12, art. 4, of the Constitution, requiring his appointment to be confirmed. It is true that it has been frequently said in decisions that the character of a court is to be determined by the character of its acts or powers rather than by its name or its territorial limits, and appellant has cited many of the cases. They are too numerous to review, but for the most part they are special cases only inferentially applicable to the particular facts we have before us, and we are unwilling to give controlling force to the inferences to be drawn from them as against the undisputed facts of this case, and the plain terms of our Constitution and laws relating to the subject.

Section 1, art. 5, of our Constitution as amended, authorizes the Legislature to provide courts other than those named in the Constitution, evidently to the end that the judicial power of the state, except as otherwise restricted, might be from time to time adjusted to exigencies that might arise in the course of the state's expanding development. Hence we find that the Legislature has provided for special "district courts" (see Acts 1913, pp. 53, 83, 439, and 441); criminal district courts (see V. S. Tex. Civ. Stat. arts. 2201c, 2229, 2235a); county courts "at law," as for Dallas and Harris counties (V. S. Tex. Civ. Stat. arts. 1786 and 1811); and county courts for "civil cases," as for Tarrant and Bexar counties (V. S. Tex. Civ. Stat. arts. 1799 and 1811—6). An examination of these several acts will show that the several courts so provided for are not courts "other" than those named in the Constitution, in the sense that they are of wholly differing functions, but rather courts of the same kind, but with divided powers. To illustrate: These special district courts and county courts are given jurisdiction over parts of a whole originally committed to courts of the same class by the Constitution. No special district court is given power not originally committed to district courts, and no special county court is given powers other than were committed to county courts. The names and territorial limits given these special courts rather than the qualifying affixes and suffixes indicate the character of the courts. The affix "criminal" or the suffixes "at law" or "for civil cases" have reference to the character of the divided jurisdiction given rather than to the character of the court. As named they are essentially district and county courts within the meaning of the Constitution. Of course, in a general sense, and perhaps for special purposes, all the courts named are state courts, and their presiding judges state officers. But we cannot for this reason disregard the distinct classification of our courts by the Constitution and laws where the classification is the point at issue. Numerous references might be made to constitutional and legislative acts that tend to

show the sense in which the terms "county court" and "county judge" are used. For instance, section 24, art. 5, of the Constitution provides as follows:

"County judges, county attorneys, clerks of the district and county courts, justices of the peace, constables and other county officers, may be removed by the judges of the district court for incompetency," etc.

Here is a plain declaration that county judges are among those who are designated as county officers. The words, "and other county officers," after naming certain ones, is a plain declaration that a county judge is a county officer. The act itself which creates the court seems to compel this conclusion. In section 12, c. 17, of the act of 1909 creating the court (1 V. S. Tex. Civ. Stat. art. 1810) it is provided that the judge may be removed from office for the same causes as "any other county judge," etc.

If we are correct, as we think we are, in the foregoing conclusions, it would seem to follow without dispute that the judge of the county court of Tarrant county for civil cases is a county judge, a county officer as contradistinguished from a district judge or a state officer, and hence that appointment to that office needs no confirmation by the senate.

[3, 4] It is apparent from what we have said that thus far we sustain the contentions of appellee and the conclusions of the trial court. But we nevertheless are of the opinion that it is apparent of record that the judgment below is fundamentally erroneous. In section 6 of the act creating the county court of Tarrant county for civil cases it is provided that:

"All vacancies in said office [the judge's] shall be filled by appointment by the Governor until the next general election thereafter." See 2 V. S. Tex. Civ. Stat. art. 1804.

It is undisputed that both the relator, Peden, and the respondent, Valentine, claim, and can only claim, a de jure right to the office in controversy under the provision quoted. No other provision of law, either constitutional or legislative, can be found which authorizes the Governor to fill a vacancy in the office of county judge. On the contrary, it is otherwise expressly provided in the Constitution. The general provision relating to vacancies was invoked by relator and has been hereinbefore cited. It reads, so far as relevant:

"All vacancies in state or district offices, except members of the Legislature, shall be filled, unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the senate present."

There is a special provision, however, relating to vacancies in the office of the judges in the judicial article of the Constitution. It is as follows:

"Vacancies in the office of judges of the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals, and district courts, shall be filled by the Governor, until the next succeeding general election, and vacancies in the office

of county judge and justices of the peace shall be filled by the commissioners' court, until the next general election for such offices." See section 28, art. 5.

It is a well-settled rule in the construction of constitutional law that a general provision sufficiently comprehensive to include a given subject-matter will be controlled by another provision specifically relating to the same subject-matter. Warren v. Shuman, 5 Tex. 441; Erwin v. Blanks, 60 Tex. 583. It cannot be doubted, therefore, that section 28, art. 5, of the Constitution, particularly relating as it does to vacancies in the offices of our judges, must govern in the determination of the question before us, and this section plainly specifies that vacancies in the office of county judge shall be filled by the commissioners' court. The language, by necessary implication, excludes power on the part of the Governor to make the appointment, both because coming within the exception provided for in section 12, art. 4, and because of the distinct separation of county judges from judges of our other courts, state and district. And this must be true regardless of the character of the functions performed by a county court or its judge.

We therefore finally conclude that so much of the act creating the county court of Tarrant county for civil cases as attempts to authorize the Governor to fill vacancies in the office of its judge is violative of the Constitution and void, and that neither relator, Peden, nor respondent, Valentine, has shown legal appointment or right to the office under consideration, it being undisputed that neither has received appointment by the commissioners' court of Tarrant county, which alone has power to fill the vacancy in office created by the resignation and acceptance of another office by Hon. George E. Hosey.

It has been suggested that the approval of appellee's bond and oath by the commissioners' court was tantamount to his appointment as judge, but we do not concur in this view. Altogether different functions are involved in the selection of an eligible and fit county judge from those called into exercise in approving an official bond. The commissioners' court of Tarrant county approved the bonds tendered by both claimants to the office, and it seems manifest that it had no purpose of filling the vacancy in question.

We conclude that the judgment below must be reversed, and here rendered that appellee unlawfully intrudes in the office of county judge of Tarrant county for civil cases, and that he accordingly be ousted therefrom. For the reasons given the prayer of the appellant that the relator, Peden, be installed in said office as judge will also be denied; it being adjudged that all costs be taxed against the party, relator or respondent, in whose behalf they have been incurred.