

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 20, 1960

Honorable Jack Varner
County Attorney
Nacogdoches County
Nacogdoches, Texas

Opinion No. WW-975

Re: Must a dismissed employee of
an independent school district
with less than 500 scholastics
appeal directly to the State
Commissioner of Education or
must such employee appeal first
to the County School Superinten-
dent, then the County Board of
School Trustees?

Dear Mr. Varner:

You recently requested the opinion of this department on
the subject question. In your letter you quoted Section 1,
Article 2654-7, Vernon's Civil Statutes, which reads as follows:

"Parties having any matter of dispute among them
arising under provisions of the school laws of Texas,
or any person or parties aggrieved by the actions or
decisions of any Board of Trustees or Board of Educa-
tion, may appeal in writing to the Commissioner of Ed-
ucation who, after due notice to the parties interested,
shall examine in a hearing and render a judgment with-
out cost to the parties involved. However, nothing
contained in this Section shall deprive any party of a
legal remedy."

You also quoted Article 2656, Vernon's Civil Statutes, which
reads in part as follows:

"The State Superintendent shall be charged with
the administration of the school laws and a general
superintendency of the business relating to the pub-
lic schools of the State, and he shall have printed
for general distribution such number of copies of
school laws as the State Board of Education may deter-
mine. He shall hear and determine all appeals from
the rulings and decisions of subordinate school officers,
and all such officers and teachers shall conform to his
decisions. Appeal shall always be from his rulings to
the State Board. . . ."

Additionally, you quoted Article 2686, Vernon's Civil Sta-
tutes, which reads in part as follows:

"All appeals from the County Superintendent of Public Instruction shall lie to the County Board of Trustees, and should either party decide to further appeal such matters, they are here given the right to elect to appeal to any court having proper jurisdiction of the subject matter; or to the State Superintendent of Public Instruction as now provided by law, . . ."

Article 2690, Vernon's Civil Statutes, reads in part as follows:

". . . In such independent school districts as have less than five hundred scholastic population, the reports of the principals and treasurers to the State Department of Education shall be approved by the county superintendent before they are forwarded to the State Superintendent. All appeals in such independent school districts shall lie to the county superintendent, and from the decisions of the county superintendent to the State Superintendent, and thence to the State Board of Education."

We notice that Articles 2654-7, Section 1, 2656 and 2686, Vernon's Civil Statutes, do not deal specifically with the subject question. However, Article 2690 does, in specific terms, answer the subject question. A reading of Article 2690 clearly reflects that all appeals in an independent school district having less than five hundred scholastics shall go to the county superintendent, then to the State Superintendent (now the State Commissioner of Education) and then to the State Board of Education.

A familiar and established rule of statutory construction is that a general provision is limited by a specific provision when such provisions are in conflict and when they are in pari materia. In State ex rel Peden v. Valentine, 198 S.W. 1006 (Civ. App., October 1917, writ ref.), where the court was concerned with two provisions of the Texas Constitution which were in conflict, the Court stated as follows:

". . . It is a well-settled rule in the construction of constitutional law that a general provision sufficiently comprehensive to include a given subject-matter will be controlled by another provision specifically relating to the same subject-matter. . . ."

In _Perez v. Perez_, 59 Tex. 322, the rule is stated thusly:

". . . The general rule is that when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special clause, so far as the particular class is concerned. . . ."

Article 2690, Vernon's Civil Statutes, is the only statute we have found that specifically deals with appeals from independent school districts with a scholastic population of less than five hundred. Articles 2654-7, Section 1, 2656 and 2686, all deal, in general terms, with appeals of rulings or decisions of certain school officials and are therefore in pari materia with Article 2690. In view of the rule of statutory construction as set out in _Peden v. Valentine_ and _Perez v. Perez_, both _supra_, it is our opinion that Article 2690 controls the subject question.

## SUMMARY

If a dismissed employee of an independent school district with a scholastic population of less than five hundred desires to appeal from such dismissal, he should appeal to the county superintendent and then to the State Commissioner of Education, and then to the State Board of Education.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Joe B. McMaster
Assistant

JBM:mm/hmc

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert L. Armstrong
W. Ray Scruggs
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore