

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 19, 1967

Hon. Robert S. Calvert       Opinion No. M-151
Comptroller of Public Accounts
State Capitol              Re:  Compensation of an
Austin, Texas                     Associate Justice of
                                  the Court of Civil
                                  Appeals after retire-
                                  ment under the provi-
                                  sions of Section 1a
                                  of Article V of the
                                  Constitution of Texas
                                  where no successor has
Dear Mr. Calvert:                 been appointed.

Your request for an opinion reads as follows:

"This department has been advised by a
letter dated September 8, 1967 that Associate
Justice Ewing Werlein of the Court of Civil Appeals,
First Supreme Judicial District, was 75 years
of age when the provisions of Article V, Section
1-a of the Constitution was adopted, but he had
not served a period of ten (10) years at that
time. I was further advised that Judge Werlein
qualified as Judge of the 157th District Court
of Harris County on the first day of September,
1957 and served on that court until he qualified
as Associate Justice of the Court of Civil Appeals
and has continued to serve as Associate Justice
of the Court of Civil Appeals. I was advised
that Judge Werlein wrote the Governor that it
was his intention to retire as of the close of
the day of September 1, 1967.

"Under a letter dated September 18, 1967
I was further advised that Judge Werlein com-
pleted his ten (10) years service on September
1, 1967, that on September 18 Judge Werlein was
assigned by Chief Justice Calvert to sit as
Judge in the 80th District Court of Harris
County.

"Under a letter dated September 15, 1967
I was advised that Judge Werlein, by written

-699-

statement, elected to continue serving as a
judicial officer for the State of Texas in
compliance with the requirements of Senate
Bill 397, Section 7, passed by the 60th Legis-
lature.

"Under a letter dated September 22, 1967
I was advised that Judge Werlein was assigned
to service as Judge of the 80th District Court
of Harris County for the week beginning September
25, 1967. This was done under the provisions of
Articles 6228a and 200a as amended.

"This department has received a payroll
duly approved for the salary of Judge Werlein
for the entire month of September, 1967 as
Associate Justice of the First Court of Civil
Appeals. Our records reflect that Judge Werlein
was paid as Associate Justice of the First Court
of Civil Appeals for the entire month of August,
1967.

"This department wishes to be advised if
the salary, or any part of the salary for Judge
Werlein as Associate Justice of the First Court
of Civil Appeals for the month of September,
1967, can be legally paid in view of the above
statements and the provisions of the Constitu-
tion, Article V, Section 1-a, and Article 16,
Section 17.

"I am enclosing copies of the four above
mentioned letters."

Section 17 of Article XVI of the Constitution of
Texas provides that "all officers of this State shall con-
tinue to perform the duties of their offices until their
successors shall be duly qualified." This provision, which
has been construed by the courts as mandatory, continues an
officer in office following his resignation until his suc-
cessor has qualified. Jones v. City of Jefferson, 66 Tex.
576, 1 S.W. 903 (1886); Keen v. Featherston, 69 S.W. 983
(Tex.Civ.App. 1902, error ref.); Plains Common Consol. School
Dist. No. 1 v. Hayhurst, 122 S.W.2d 322 (Tex.Civ.App. 1938).
However, an officer may divest himself of an office before
his successor has qualified by himself qualifying for and
entering upon the duties of another office which he can-
not lawfully hold at the same time. Peden v. Valentine,
198 S.W. 1006 (Tex.Civ.App. 1917, error ref.); Pruitt v.

Glen Rose Independent School District No. 1, 126 Tex. 45,
84 S.W.2d 1004 (1935).

In view of the foregoing, it is our opinion that
the "resignation" by Justice Werlein did not, itself, divest
Justice Werlein from the office of Associate Justice of
the Court of Civil Appeals. We must, therefore, determine
whether the adoption of the provisions of Section 1a of
Article V of the Constitution of Texas operates to create
an exception to Section 17 of Article XVI of the Constitution
of Texas in those instances where the office of justice or
judge becomes vacant by the operation of the provisions of
Section 1a of Article V rather than by any act by the
justice or judge.

The provisions of Section 1a of Article V of the
Constitution of Texas, applicable to your question, read
as follows:

"The office of every such Justice and
Judge shall become vacant when the incumbent
reaches the age of seventy-five (75) years or
such earlier age, not less than seventy (70)
years, as the Legislature may prescribe; but,
in the case of an incumbent whose term of
office includes the effective date of this
Amendment, this provision shall not prevent
him from serving the remainder of said term
nor be applicable to him before his period
or periods of judicial service shall have
reached a total of ten (10) years."

Under the facts submitted in your request, the
provisions of Section 1a of Article V above quoted did not
become applicable to Justice Werlein until his period or
periods of judicial service reached a total of ten years.
The term of office that Justice Werlein was serving at the
time his period of judicial service reached a period of ten
years, did not include the effective date of the adoption
of Section 1a of Article V of the Constitution. Under the
facts submitted in your request Judge Werlein qualified as
Judge of the 157th District Court of Harris County on the
1st day of September, 1957, and he has continued to serve
continuously either as Judge of the 157th District Court
or as Associate Justice of the Court of Civil Appeals.
Therefore, the period of judicial service reached a total
of ten years at midnight, August 31, 1967. As of that
date, the provisions of Section 1a of Article V, in our
opinion, became applicable to Justice Werlein under the

facts submitted by you. Section la of Article V specifi-
cally provides under such circumstances "the office. . .shall
become vacant. . . ." The provisions of Section la of Article
V have not been construed by the courts of this State. How-
ever, we believe that the above quoted provisions are mandatory
and the office of Associate Justice of the Court of Civil Ap-
peals previously held by Justice Werlein became vacant at
midnight of August 31, 1967, and that Justice Werlein does
not hold over until his successor has qualified. We are
supported in this view by the fact that it has been adminis-
tratively determined by the Chief Justice of the Supreme
Court that Justice Werlein was eligible for assignment by
the Chief Justice of the Supreme Court to sit as Judge in
the 80th District Court of Harris County.

In view of the foregoing, you are advised that
you are not authorized to pay any part of the salary for
Judge Werlein as Associate Justice of the First Court of
Civil Appeals for the month of September, 1967.

## S U M M A R Y

Section la of Article V of the Constitution
of Texas is mandatory and when applicable the
office of justice or judge becomes vacant and
the justice or judge does not hold over until
his successor has qualified.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

Hon. Robert S. Calvert, page 5, (M-151)


W. V. Geppert
Malcolm Quick
Ralph Rash
Arthur Sandlin

A. J. CARUBBI, JR.
Staff Legal Assistant