

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 14, 1970



Overruled by M-760 where Conflicts

Honorable Louis Dugas, Jr.
County Attorney
Orange County Courthouse
Orange, Texas 77630

Dear Mr. Dugas:

Opinion No. M-748

Re: Questions relating to
resignation of County
Commissioner and filling
the vacancy.

        In your recent letter to this office you state that one
of the county commissioners whose current term of office expires
on December 31, 1970, was re-elected at the general election
on November 3, 1970, for the four-year term of that office which
begins on January 1, 1971. You further state that subsequent
to the general election the county commissioner has submitted
his resignation to the county judge to become effective on
January 5, 1971, and the county judge is prepared to make an
appointment to the office of county commissioner pursuant to
Article 2341, Vernon's Civil Statutes, but some question has
arisen as to whether Article 2341 is in conflict with Section 18
of Article V, Texas Constitution. Our opinion is requested upon
the following questions:

        1.  Whether Article 2341 is unconstitutional.

And in the event that Article 2341 is unconstitutional:

        2.  To whom must the commissioner address his
resignation and who must accept it?

        3.  Who would call a special election as is
provided in Article 4.09, Texas Election Code?

        Section 18 of Article V of the Texas Constitution pro-
vides in part as follows:

        ". . . . Each county shall in like manner
        be divided into four commissioners precincts in
        each of which there shall be elected by the
        qualified voters thereof one County Commissioner,
        who shall hold his office for four years and un-
        til his successor shall be elected and qualified.
        . . ."

-3643-

Hon. Louis Dugas, Jr., page 2   (M-748)


Article 2341, Vernon's Civil Statutes, reads:

"In case of vacancy in the office of com-
missioner, the county judge shall appoint some
suitable person living in the precinct where the
vacancy occurs, to serve as commissioner for
such precinct until the next general election."

After careful consideration, we are unable to perceive
wherein Article 2341 is in conflict with our Constitution. Al-
though it is true that the Constitution has made specific pro-
vision for the filling of vacancies in many of the offices created
by the Constitution, (e.g., §§20, 21, 23, 28 of Article V), it
has not been so provided in other instances. Two examples of
the latter category, in addition to that presented by your re-
quest, are in the case of the offices of district attorney,
created by Section 21 of Article V, and assessor and collector
of taxes, created by Sections 14 and 16 of Article VIII. In
those two instances, just as in that under consideration, the
Legislature has provided for the filling of vacancies by appoint-
ment. Art. 328, Art. 2355, Vernon's Civil Statutes.

We do not consider the fact that the Constitution
makes no provision for the filling of vacancies in the offices
created by that document to operate as a denial of power to the
Legislature to provide for filling them by appointment. The only
instances where the power of the Legislature in this area has
been denied is where it has attempted to provide that vacancies
be filled in a manner contrary to that specified by the Consti-
tution, as in State v. Valentine, 198 S.W. 1006 (Tex.Civ.App.
1917, error ref.). Just as the court in Anderson v. Parsley,
37 S.W.2d 358 (Tex.Civ.App. 1931, error ref.), found that it was
well within the power of the Legislature to fix the beginning
date of the terms of office and specify the date upon which newly
elected officers could qualify, where the Constitution did not
fix such dates, we hold that it is within the power of the Legis-
lature to provide for the filling of vacancies in offices by ap-
pointment where the Constitution has not provided a method for
doing so. You are therefore advised that Article 2341 is consti-
tutional and establishes the process for filling vacancies in
the office of county commissioner until the next general election.
[In this connection see Attorney General's Opinion M-742 (1970)].

Although your second and third questions are predicated
upon a finding that Article 2341 is unconstitutional, which we
have not done, nonetheless, in the interest of clarity, we are
constrained to comment upon the matters raised by those questions.

While no issue regarding the constitutionality of Article 2341 was raised in the case, it was held in Tobin v. Valerio, 309 S.W.2d 479 (Tex.Civ.App. 1958, error ref.) that the county judge was the proper officer to receive and accept the resignation of a county commissioner, but the resignation did not become effective until accepted by the county judge. This is in accord with Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398 (1950), holding that the resignation of a public officer is not complete until accepted by the proper authority. Once accepted by the proper authority it is effective immediately even though it is tendered to take effect in the future. Attorney General's Opinion M-659 (1970) and cases there cited.

Article 4.09, Texas Election Code, has no application to vacancies in offices that are to be filled by appointment. It makes no attempt to specify whether a vacancy shall be filled by appointment or election, but merely undertakes to establish the procedures for calling and holding an election otherwise required by law. Attorney General's Opinion WW-550 (1959).

## S U M M A R Y

Article 2341, Vernon's Civil Statutes, providing for the filling of vacancies in the office of county commissioner by appointment of the county judge is constitutional.

The county judge is the proper authority to accept the resignation of a county commissioner. The resignation becomes effective immediately upon acceptance even though it was tendered to take effect at a future date. Article 4.09, Texas Election Code, does not authorize the calling of a special election to fill the office of county commissioner.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
William J. Craig
Jim Swearingen
Roland Allen
Dyer Moore, Jr.

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant