

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

.WFORD C. MARTIN
TTORNEY GENERAL

August 29, 1972

Hon. J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas 78701

Dear Dr. Edgar:

Opinion No. M-1200

Re: Whether Article 2688v, V.C.S., operates to abolish the offices of county superintendent, ex-officio county superintendent, and the county school board in Caldwell County, and related questions.

You have requested the opinion of this office on the following questions:

(1) Does Article 2688v*, Vernon's Civil Statutes, operate to abolish in Caldwell County the offices of county superintendent, and the offices of ex-officio county superintendent (non-existent) and county school board?

(2) If (1) is answered in the affirmative, what officer or office is charged with the performance of the duties of the office(s) abolished?

In addition, you have supplied us with the following pertinent information:

"At the November 1966 election, a county superintendent was elected for a four-year term to expire December 31, 1970. Since there was talk within that interim of abolishing the office, no one ran or was elected in November 1970 for a four-year term to

---

*Acts 62nd Leg., R.S. 1971, ch. 167, p. 957.

-5876-

begin January 1, 1971. In lieu thereof, the same county superintendent (now serving) was appointed to serve until such time, presumably, when the office was expected to be abolished prior to a next election. Article 2355, V.C.S."

Article 2688v, Vernon's Civil Statutes, states:

"In all counties having a population of not less than 21,000 nor more than 22,000, according to the last preceding federal census, the offices of county superintendent and ex officio county superintendent, and the county school board are abolished effective September 1, 1972."

It is our opinion that Article 2688v is unconstitutional in that it is restricted in its application to only one out of Texas' 254 counties. It is a local or special law which attempts to regulate the management of public schools in contravention of Article III, Section 56, of the Texas Constitution. The Supreme Court of Texas, in Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941), at pp. 1001 and 1002, has stated the prevailing rule regarding this type of legislation:

"Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In other words, there must be a substantial reason for the classification. It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law."

In our opinion Article 2688v would create a class of counties without substantial basis and without sufficient legal

distinguishing features and is therefore proscribed as a local or special law by Article III, Section 56 of the Texas Constitution. That being true, the statute does not operate to abolish in Caldwell County the office of county school superintendent or the offices of ex-officio county superintendent and county school board. See Attorney General's Opinions C-244 (1964), C-481 (1965), M-488 (1969) and M-745 (1970).

Article XVI, Section 17 of the Texas Constitution reads: "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." Therefore from the additional information you have furnished us, the county superintendent duly elected in the November, 1966 election, and presently still serving in that capacity, even though his four-year term of office has expired, must perform the duties of that office until a successor has been lawfully selected and has qualified, or until the office has been legally abolished. However, he might vacate the office by qualifying for other public duties. State v. Valentine, 198 S.W. 1006 (Tex.Civ.App. 1917, error ref.), 100 A.L.R. 1162, 1180; 47 Tex. Jur.2d 63-64, Public Officers, Sec. 42. Also, the office might become vacant by some other means provided in the Texas Constitution.

## S U M M A R Y

Article 2688v, Vernon's Civil Statutes, (Acts 62nd Leg., R.S. 1971, ch. 167, p. 957) is unconstitutional and therefore does not abolish the offices of county superintendent, ex-officio county superintendent, or county school board in Caldwell County, Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Roland Carlson
Charles Lind
Dunk Sullivan
Bob Lemens

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant