Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Time of assumption of office of individual who is elected to fill unexpired term as constable
Dear Mr. Driscoll:
You have provided us with the following information. A particular justice of the peace in Harris County was elected to a four-year term in 1982. He was not renominated by the voters in his party's primary held in May of 1986. In July of 1986, the constable of that precinct died, and his widow was appointed to fill the vacancy in office created by her husband's death until a successor could be elected at the next general election and assume office. The aforementioned justice of the peace was his party's nominee in the general election in November to fill the deceased constable's unexpired term; he won the general election. On November 6, the Harris County commissioners canvassed the general election votes pursuant to section 67.016 of the Election Code and notified the justice of the peace by certificate of election of his victory in the constable's race. You indicate that the justice would like to complete his term of office as justice of the peace and take office as constable on January 1, 1987. Accordingly, you ask whether the justice of the peace must file his bond, take his oath, and immediately assume office or may wait until January 1 to assume his new duties. We conclude that he must qualify for office immediately.
Article 17, V.T.C.S., provides for the commencement of terms of office and sets forth the following:
 The regular terms of office for all elective state, district, county, and precinct offices of the State of Texas, excepting the offices of Governor, Lieutenant Governor, State Senator, and State Representative, shall begin on the first day of January next following the general election at which said respective offices are regularly filled, and those who are elected to regular terms shall qualify and assume the duties of their respective offices on the first day of January following their election, or as soon thereafter as possible. Persons elected to unexpired terms in the various state, district, county and precinct offices shall be entitled to qualify and assume the duties of their respective offices immediately upon receiving a certificate of election, which certificate shall be issued immediately following the official canvass of the results of the election at which they were elected, and they shall take office as soon thereafter as possible. (Emphasis added).
 It is clear from even a cursory reading of article 17 that the newly-elected constable should qualify (by filing his bond and taking his oath) as quickly as possible. As this office noted in Attorney General Opinion MW-521 (1982), [a]rticle 17 clearly provides that only those persons elected to unexpired terms qualify for and assume the duties of their offices immediately upon receiving a certificate of election. Those elected to regular terms qualify for office `on the first day of January following their election, or as soon thereafter as possible.'
See, e.g., Ex parte Sanders, 215 S.W.2d 325 (Tex. 1948); Attorney General Opinions M-742, M-627 (1970); O-4994 (1942). We note that article XVI, section 17, of the Texas Constitution requires that the person presently serving as constable shall remain in office and perform the duties of office until a successor is duly qualified. We further note that an officer, in this instance a justice of the peace, may divest himself of an office before his successor has qualified by himself qualifying for and entering upon the duties of another office which he cannot lawfully hold at the same time. Pruitt v. Glen Rose Independent School District No. 1, 84 S.W.2d 1004 (Tex. 1935); State ex rel. Peden v. Valentine, 198 S.W. 1006 (Tex.Civ.App. 1917, writ ref'd); Attorney General Opinion M-627 (1970).
Accordingly, we conclude that a justice of the peace who has been elected to serve out the unexpired term of a constable should qualify for and assume office immediately.
 SUMMARY
A person who is elected to serve out the unexpired term of a constable should qualify for and assume office immediately.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General