

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 7, 1996

The Honorable Robert Newsom
Hopkins County Attorney
110 Main Street
Sulphur Springs, Texas 75482

Opinion No. DM-377

Re: Whether a county court at law judge, with an unexpired term greater than one year, who declared at a county commissioners court meeting that he was a candidate for the district judgeship has announced his candidacy or "in fact become a candidate" for purposes of article XVI, section 65 of the Texas Constitution and related questions   (RQ-820)

Dear Mr. Newsom:

You indicate that, at the March 27, 1995, meeting of the Hopkins County Commissioners Court, the county court at law judge (the "judge") stated he was "at that moment" a candidate for the judgeship of the Eighth Judicial District Court. You have included with your letter a copy of a newspaper article that provides the following account of the judge's remarks at the March 27, 1995, meeting of the Hopkins County Commissioners Court:

> It is my pledge to you gent[le]men, as well as the people of Delta, Hopkins, Franklin and Rains counties, that upon taking office I will do whatever is necessary to promptly and efficiently conduct their legal business. . . . It's certainly something I've thought about for some time, but it was so far away, it seemed ridiculously premature. . . . [After the present district judge announced that he did not intend to seek re-election], it became clear the only reasonable course of business was to announce for the Eighth bench. . . .
>
> I've worked hard to make the County Court-At-Law a popular court . . . I believe it will be possible to do the same to the district court.

Bruce Alsobrook, *Cable Seeking Eighth District Judge Position*, THE NEWS-TELEGRAM, (Sulphur Springs), Mar. 27, 1995, at 1, 10.

You also state that, at the time of the commissioners court meeting, the unexpired term of the judge's current office exceeded one year. With this situation in mind, you ask several questions about article XVI, sections 17 and 65 of the Texas Constitution.

You first ask whether the judge's declarations at the county commissioners court meeting constitute an announcement for purposes of article XVI, section 65. The final paragraph of article XVI, section 65 provides as follows:

> [I]f any of the officers named herein [including a county court at law judge] shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

To "announce" is "to deliver news; to make public or official intimation of, to proclaim . . . ." 1 THE OXFORD ENGLISH DICTIONARY 485 (2d ed. 1989). On the assumption that the county judge made the statements reported in the newspaper, we conclude, as a matter of law, that the county judge has announced his candidacy or has "in fact become a candidate" for purposes of article XVI, section 65. Consequently, pursuant to article XVI, section 65, the county judge has automatically resigned his office. *See* Attorney General Opinions JM-395 (1985) at 4, WW-1253 (1962) at 3.

Your second question concerns the interrelationship of article XVI, section 65 and article XVI, section 17 of the Texas Constitution, which provides that "[a]ll officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." The purpose of this provision is to prevent vacancies in office and the consequent cessation of the functions of government. *Plains Common Consol. Sch. Dist. No. 1 v. Hayhurst*, 122 S.W.2d 322 (Tex. Civ. App.--Amarillo 1938, no writ). You ask whether an officer who, with more than one year remaining in his term of office, announces his candidacy for another office and who therefore automatically resigns the current office pursuant to article XVI, section 65 remains in office pursuant to article XVI, section 17 until a successor is duly qualified.

Attorney General Opinion WW-1253 (1962) addressed this question and concluded that the officer held over under article XVI, section 17. This conclusion was followed in Attorney General Opinions C-43 (1963) and H-161 (1973). However,

because of the time that has passed since this office considered the interaction of sections 17 and 65 of article XVI, we will address your question.

The "resign to run" paragraph was added to section 65 in November 1958. H.J. Res. No. 31, 55th Leg., R.S., 1957 Tex. Gen. Laws 1641; Amendments to Constitution of Texas, 1959 Tex. Gen. Laws XXXV, XXXVIII. Article XVI, section 65 had been adopted in 1954 to extend the terms of certain county officers from two to four years, TEXAS LEGISLATIVE COUNCIL, INFORMATION CONCERNING CONSTITUTIONAL AMENDMENTS TO BE CONSIDERED NOVEMBER 4, *Amendment No. 4 -- H.J.R. No. 31* 1 (1958); *see* S.J. Res. No. 4, § 12, 53d Leg., R.S., 1953 Tex. Gen. Laws 1164, 1166; Amendments to Constitution of Texas, 1955 Tex. Gen. Laws XXXV, XLIV. The terms were staggered so that approximately one-half of the offices are regularly filled by election every two years. TEXAS LEGISLATIVE COUNCIL, *supra*, at 1. The increase in term length made it possible for county officers to devote almost their entire terms to the duties of office, in contrast to the old system of having to run for re-election one year out of every two. *Id.* at 2 (arguments for amendment). However, the staggered four-year terms of office made it possible for an officer to run for a different office at the general election in the middle of his term, thus defeating the purpose of the 1954 amendment--to permit an official to give his undivided attention to his office for at least three years. *Id.* at 1. The legislature proposed the "resign to run" provision to correct this result of the 1954 amendment. *Id.*; *see also* Attorney General Opinion WW-788 (1960) at 3 (citing press reports).[1]

We do not know of any judicial decision that addresses the interaction of sections 17 and 65 of article XVI, but we are aware of numerous judicial decisions and Attorney General Opinions concluding that article XVI, section 17 does not apply in when an officer vacates the office pursuant to other constitutional provisions. The Texas Supreme Court determined, in *Pruitt v. Glen Rose Independent School District No. 1*, 84 S.W.2d 1004, 1007 (Tex. 1935), that article XVI, section 17 did not apply to an officer who has "stepped down" from office by operation of article XVI, section 40, which prohibits, with certain specified exceptions, any person from simultaneously holding "more than one civil office of emolument." *See also State ex rel. Peden v. Valentine*, 198 S.W. 1006, 1007 (Tex. Civ. App.--Fort Worth 1917, writ ref'd) (upon acceptance of second, incompatible office, first office is ipso facto vacated). In *Lowe v. State*, 201 S.W. 986 (Tex. Crim. App. 1918), the Texas Court of Criminal Appeals determined that article XVI, section 17 does not apply to an officer who is ineligible under article XVI, section 12 of the Texas Constitution to hold or exercise an office of profit or trust under this state because he or she holds or exercises an office of profit or trust under the United States. *Id.* at 986; *see*

---

[1] Attorney General Opinion WW-788 stated that another purpose of the 1958 amendment to article XVI, section 65 of the constitution was to reduce the duration of appointments. Attorney General Opinion WW-788 (1960) at 3.

Attorney General Opinion DM-49 (1991); *see also* Attorney General Opinions JM-1161 (1990) (article XVI, section 17 is inapplicable when senate has refused to approve governor's appointment to office), JM-423 (1986) (same), O-3343 (1941) (same), M-151 (1967) at 4 (judge who reaches age of 75, whose "office . . . shall become vacant" pursuant to article V, section 1-a of Texas Constitution does not hold over under article XVI, section 17).

Although the cases and prior opinions of this office suggest that article XVI, section 17 generally does not apply to vacancies created by operation of the constitution, we believe that article XVI, section 65 may be distinguished from the authorities cited. Attorney General Opinion WW-1253, in reaching its conclusion that article XVI, section 17, applied to officers who automatically resigned, stated that "an officer whose resignation has been effected but whose successor has not been appointed retains the position as a 'de jure' officer." Attorney General Opinion WW-1253 (1962) at 3. This conclusion was based on the following authorities: *Jones v. City of Jefferson*, 1 S.W. 903 (Tex. 1886), *Plains Common Consolidated School District No. 1 v. Hayhurst*, 122 S.W.2d 322 (Tex. Civ. App.--Amarillo 1938, no writ), *Keen v. Featherston*, 69 S.W. 983 (Tex. Civ. App. 1902, writ ref'd), and Attorney General Opinions V-760, O-855 (1939) and O-761 (1939). Except for Attorney General Opinion V-760, which recites the purposes of article XVI, section 17, these authorities state that an officer whose resignation has been tendered to the proper authority and accepted continues in office until his successor is appointed and qualifies. *See Jones v. City of Jefferson*, 1 S.W. at 905; *Plains Common Consol. Sch. Dist. No. 1 v. Hayhurst*, 122 S.W.2d at 326. Attorney General Opinion H-161, addressing the automatic resignation of a justice of the peace under article XVI, section 65, states as follows in regard to article XVI, section 17:

> The recognized purpose of this provision is to insure against vacancies in office and a consequent cessation of the functions of government. Section 17 provides for officers to hold over in the performance of the duties of office, even after resignation until a successor has been elected or appointed and has qualified. The officer who has resigned retains his position, in spite of his resignation, as a de jure officer.

Attorney General Opinion H-161 (1973) at 2.

Article XVI, section 65, pertains to the "automatic resignation" of officers, and Attorney General Opinions WW-1253 and H-161 construe this provision consistently with the well-established rule about resignations: that an officer holds over until his replacement is appointed and qualifies, even after his resignation is tendered and accepted. We believe the prior opinions of our office correctly relied on the express language of article XVI, section 65, and correctly concluded that persons who automatically resign an office pursuant to that provision still hold over in office until a successor is appointed and qualifies.

Other constitutional provisions creating vacancies use different, and often stronger, language than section 65. Article XVI, section 40, does not refer to a resignation, but states that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." Article XVI, section 12, states that persons holding or exercising certain federal offices shall not "be eligible" for offices of profit or trust under this state. Article XVI, section 14 states that officers who do not reside with the appropriate jurisdiction "shall vacate the office so held." Article V, section 1-a provides that when a judge reaches the age of 75, his "office . . shall become vacant." None of these constitutional provision incorporate the concept of resignation or the body of law related to that term.

As commentators have noted, the policy served by the "resign to run" provision, to limit the time during which a county officer may campaign for other office, does not apply to all officeholders in the state. "If it is thought generally that officeholders should forfeit their positions when they announce for other officers, the provision should apply to members of the legislature and statewide elected officials as well as those named in this section." GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 813 (1977); see generally Clements v. Fashing, 457·U.S. 957, 970 (1982). The limited application of the automatic resignation requirement suggests that it may be less weighty than other, more generally applicable, constitutional provisions. Moreover, the policy underlying section 65 will still be effectuated when the officer's replacement is appointed and qualifies. Under the circumstances, we believe we should give great weight to the public policy encompassed in article XVI, section 17--the preservation of the orderly processes of government. See Ex parte Sanders, 215 S.W.2d 325 (Tex. 1948). Accordingly, an officer who automatically resigns an office pursuant to article XVI, section 65 will hold over in office pursuant to article XVI, section 17 until a successor is appointed and qualifies. We affirm the conclusions of Attorney General Opinions WW-1253, C-43, H-161, and opinions relying on them.

Your third question asks whether the commissioners court may appoint the judge who has resigned pursuant to article XVI, section 65 of the constitution to the now-vacant office of county court at law judge--the same post from which the judge has resigned. This office concluded in Attorney General Opinion WW-788 that an officer who automatically resigns his office pursuant to article XVI, section 65 of the Texas Constitution is ineligible for appointment to fill the vacancy created in his office. Attorney General Opinion WW-788 (1960) at 8 (summary); see also Attorney General Opinion WW-1253 (1962) at 3-4. We believe this conclusion is sound, and we affirm it here.

We need not answer your fourth and fifth questions, which assume that the officer does not hold over after his automatic resignation. See generally Attorney General Opinion H-161. Your sixth and seventh questions focus on the procedure the county must use to fill the vacancy created by the judge's candidacy. Article XVI, section 65 of the Texas Constitution states, "[T]he vacancy . . . shall be filled pursuant to law in the same manner as other vacancies for such office are filled." Section 25.0009(a) of the

Government Code requires the county commissioners court to appoint an individual to fill a vacancy in the office of judge of a statutory county court. "The appointee holds office until the next general election and until the successor is elected and has qualified." Gov't Code § 25.0009(b).

Nothing in section 25.0009, nor in any other statute of which we are aware, specifies a particular time period within which the commissioners court must appoint a new judge. Moreover, we are unaware of any statute specifically prescribing procedures a commissioners court must use to appoint an individual to the office of county court at law judge. Under the Open Meetings Act, Gov't Code ch. 551, the commissioners court may deliberate the appointment in a closed meeting, although the commissioners must vote on the appointment in a meeting open to the public. *See* Gov't Code §§ 551.074(a)(1), .102.

## S U M M A R Y

Under the facts presented, the county court at law judge of Hopkins County has announced his candidacy or has "in fact become a candidate" as a matter of law for purposes of article XVI, section 65 of the Texas Constitution. Thus, pursuant to article XVI, section 65, the county judge has automatically resigned his office. However, he continues to hold over in his office under XVI, section 17 of the Texas Constitution, until his successor is appointed and qualifies for office. Attorney General Opinions WW-1253 (1962), C-43 (1963), and H-161 (1973) are affirmed on this issue.

Attorney General Opinion WW-788 (1960), which concluded that an officer who automatically resigns his office pursuant to article XVI, section 65 of the Texas Constitution is ineligible for appointment to fill the vacancy created in his office, is affirmed.

Section 25.0009(a) of the Government Code requires the county commissioners court to appoint an individual to fill a vacancy in the office of judge of a statutory county court. Nothing in section 25.0009, nor in any other statute of which we are aware, specifies a particular time period within which the commissioners court must appoint a new judge; nor does any statute specifically prescribe the procedure a commissioners court must use to appoint an individual

to the office of county court at law judge. The commissioners court must, of course, comply with the Open Meetings Act, Gov't Code ch. 551, in appointing the new county court at law judge.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General