# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN, TEXAS 78711
CRAWFORD C. MARTIN
ATTORNEY GENERAL



January 22, 1970        See H-220

Honorable Ted Butler                Opinion No. M- 562
Criminal District Attorney
Bexar County Courthouse        Re:  Constitutionality of
San Antonio, Texas  78204           Paragraph (a) of Article
                                    2351-1/2, V.C.S., and
Dear Mr. Butler:                    related questions.

          Your recent request for an opinion of this office
arises out of an order of the Commissioners Court of Bexar
County entered on October 9, 1967, a copy of which was at-
tached to your letter.  The effect of the order in question
is to reduce the number of justice precincts in Bexar County
from eight to five.  The order provides in part that "Justice
of the Peace and Constable Precincts Three, Four, Five, Six,
Seven and Eight, . . . are hereby abolished, eliminated and
terminated effective as of January 1, 1969, and that Justice
of the Peace and Constable Precincts Three, Four, and Five are
hereby created and established as of January 1, 1969, . . ."
Thereafter the order sets forth the territorial limits of the
new precincts.  The order further specifically provides that
Precinct No. 1 and Precinct No. 2 were not abolished, elimi-
nated and terminated by the order.  The order then provides
that the offices of Justice of the Peace and Constable in
the newly created precincts were to be filled in the follow-
ing manner:

          "IT IS FURTHER ORDERED, ADJUDGED AND DECREED
     by the Commissioners Court of Bexar County, Texas,
     that in the elections to be held in the year
     1968 the aforementioned offices shall be filled
     at said elections by the voters of the respective
     precincts as they will exist on the effective date
     of January 1, 1969, and that any person who has
     resided within the territory embraced in the new
     precincts for the length of time required to be
     eligible to hold the office shall not be rendered
     ineligible by virtue of the precinct's not hav-
     ing been in existence for that length of time.

          "IT IS FURTHER ORDERED, ADJUDGED AND DECREED
     that the elections to be held in the year 1968
     shall be for a two year term beginning January 1,

-2681-

1969, and expiring December 31, 1970, for
Justices of the Peace of Precincts Three, Four
and Five, and for a four year term beginning
January 1, 1969, and expiring December 31, 1972,
for Justice of the Peace, Precinct One, Place
One, and for Constables of Precincts One, Two,
Three, Four and Five."

This provision of the order of the Commissioners
Court was entered pursuant to Paragraph (a) of Article 2351-1/2
of Vernon's Civil Statutes, which reads as follows:

"(a) Whenever the Commissioners Court
changes the boundaries of commissioners pre-
cincts or of justice precincts, it may specify
in its order a future date, not later than the
first day of January following the next general
election, on which the changes shall become ef-
fective. If an election for any precinct office
is held before the effective date of the order,
the office shall be filled at the election by
the voters of the precinct as it will exist on
the effective date of the change in boundaries.
A person who has resided within the territory
embraced in the new boundaries for the length
of time required to be eligible to hold the
office shall not be rendered ineligible by
virtue of the precinct's not having been in
existence for that length of time."

Based upon these facts, you state in your letter
that one of the Justices of the Peace elected pursuant to the
order of the Commissioners Court at the general election in
1968 has raised the following questions:

1. "Was the order of the Commissioners Court
establishing the term of office for Justices of
the Peace of Precinct Three, Four and Five for
two years, Beginning on January 1st, 1969 and
ending on December 31st, 1970, constitutional?"

2. "Were the Justices of the Peace of Pre-
cinct Three, Four and Five who were elected at the
General Election in November 1968 elected for a
two year term or a four year term?"

3. "Do the Justices of the Peace of Precincts

Three, Four and Five have to file for the Primary
Election of their respective parties and if nomi-
nated run for election in the General Election of
November, 1970?"

Under the provisions of Section 18 of Article V of
the Constitution of Texas, the power to divide the county from
time to time into justice precincts of not more than eight or
less than four is exclusively lodged in the commissioners courts
of the respective counties of this State. Williams v. Castleman,
112 Tex. 193, 247 S.W. 263 (1923); Dowlin v. Rigsby, 43 S.W. 271
(Tex.Civ.App. 1897, error ref.). In the exercise of its ex-
clusive power to change precinct boundaries, the commissioners
court can abolish an existing precinct and create a new pre-
cinct composed of the one abolished and a part of another with-
out redistricting the whole county. Hastings v. Townsend, 136
S.W. 1143 (Tex.Civ.App. 1911, no writ). Therefore, it is clear
that the Commissioners Court of Bexar County had the authority
to abolish Precincts Three, Four, Five, Six, Seven and Eight
and create three new precincts from the territory of the ones
abolished, leaving Precincts One and Two unchanged and unaf-
fected by the order.

The courts of this State have long followed the rule
that upon the effective date of an order, such as the one entered
by the Commissioners Court of Bexar County, the old precincts
and precinct offices cease to exist, and, as of that date, the
new precincts come into existence with the precinct offices
vacant. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263
(1923); Dowlin v. Rigsby, 43 S.W. 271 (Tex.Civ.App. 1897, error
ref.); Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App. 1936, error
dism.). However, the offices in precincts that are unaffected
by such order remain undisturbed and the persons holding such
offices are entitled to occupy them for the term to which they
were elected. State v. Akin, 112 Tenn. 603, 79 S.W. 805 (1904).

We must now determine whether the method prescribed
by the Commissioners Court to fill the vacancies in Precincts
Three, Four and Five, as authorized by Paragraph (a) of Article
2351-1/2, was proper. Section 28 of Article V of the Consti-
tution of Texas provides as follows:

"Vacancies in the office of judges of the
Supreme Court, the Court of Criminal Appeals,
the Court of Civil Appeals and the District
Courts shall be filled by the Governor until
the next succeeding General Election; and

> vacancies in the office of County Judge and
> Justices of the Peace shall be filled by the
> Commissioners Court until the next succeeding
> General Election."

This provision of the Constitution clearly provides for vacancies in the office of Justice of the Peace to be filled by the Commissioners Court until the next general election. The power of the Commissioners Court to fill vacancies by appointment under the authority of this provision of the Constitution is exclusive and the Legislature has no authority to authorize or provide for the filling of such vacancies in any other manner. State v. Valentine, 198 S.W. 1006 (Tex.Civ.App. 1917, error ref.). Therefore, Paragraph (a) of Article 2351-1/2 and that portion of the order of the Commissioners Court of Bexar County which was entered in conformity with this statute, are unconstitutional because they provide for a method of filling the vacancies in the office of Justice of the Peace of Precincts Three, Four and Five by election and are in direct conflict with the above quoted constitutional provision. They are further invalid as attempts to provide for the election of persons to fill an office not in existence at the time of the election. Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App. 1939, error dism.).

With reference to the terms of office of Justice of the Peace of Precincts Three, Four and Five as they came into existence on January 1, 1969, we must look to those provisions of the Constitution relating to that office. Under the provisions of Section 18 of Article V and Section 64 of Article XVI of the Constitution of Texas, the term of office of Justice of the Peace is four years. Section 65 of Article XVI of the Constitution of Texas reads, in part, as follows:

> "The following officers elected at the
> General Election in November, 1954, and there-
> after, shall serve for the full terms provided
> in this Constitution:

> ". . . (j) Justices of the Peace.

> ". . .

> "In any district, county or precinct where
> any of the aforementioned offices is of such
> nature that two (2) or more persons hold such
> office, with the result that candidates file for

'Place No. 1,' 'Place No. 2,' etc., the officers
elected at the General Election in November,
1954, shall serve for a term of two (2) years if
the designation of their office is an uneven num-
ber, and for a term of four (4) years if the desig-
nation of their office is an even number. There-
after, all such officers shall be elected for the
terms provided in this Constitution."

Upon authority of the foregoing constitutional pro-
visions, the offices of Justice of the Peace in all precincts
having a single Justice of the Peace are to be filled for a
term of four years at the general election in November of the
years 1954, 1958, 1962, 1966, 1970, 1974, etc. Therefore,
when Precincts Three, Four and Five came into existence on
January 1, 1969, the office of Justice of the Peace in such
precincts came into existence with a term of office which ex-
pires on December 31, 1970. A new four-year term for such of-
fices will begin on January 1, 1971. Attorney General's
Opinions WW-1292 (1962), C-147 (1963) and C-235 (1964). Since
the term of office of Justice of the Peace is fixed by the
Constitution, the Commissioners Court of Bexar County had no
authority to provide for a two-year term of office for Justices
of the Peace of Precincts Three, Four and Five when they came
into existence on January 1, 1969.

Adverting to your first question, you are advised
that the Commissioners Court of Bexar County had no authority
to establish a term of office for Justice of the Peace of Pre-
cincts Three, Four and Five for a period of two years beginning
January 1, 1969, and ending December 31, 1970. Although the
expiration date of the term fixed by the Commissioners Court
coincides with the expiration date of the term provided by the
Constitution, the provision of the Commissioners' order per-
taining to the term of office of Justices of the Peace for
Precincts Three, Four and Five is void because it attempts to
prescribe a term of office which is contrary to that fixed by
the Constitution.

With regard to your second question, since Paragraph
(a) of Article 2351-1/2 and that portion of the order of the
Commissioners Court entered in conformity therewith are un-
constitutional because they provide for the filling of vacancies
in the office of Justice of the Peace by election rather than
appointment of the Commissioners Court, you are advised that
the election of Justices of the Peace for Precincts Three, Four
and Five at the November, 1968, general election was invalid.

Since the Commissioners Court of Bexar County has not filled the vacancies in the office of Justice of the Peace of Precincts Three, Four and Five by appointment under Section 28 of Article V of the Constitution of Texas, and the persons who purported to have been elected to such offices at the general election in November, 1968, have attempted to qualify for such offices and have occupied and exercised the powers of such offices under color of said election, they are de facto officers and their acts while occupying such offices are valid. 47 Tex.Jur.2d 307-313, 324-327, Public Officers, §253-255, §264.

In answer to your third question, you are advised that the offices of Justice of the Peace of Precincts Three, Four and Five of Bexar County are subject to being filled at the general election in November, 1970, for a term of four years beginning January 1, 1971; and persons desiring to run for such offices as the nominees of a party which holds primary elections should file as a candidate for nomination to such office in the party primaries.

### S U M M A R Y

When the order of the Commissioners Court of Bexar County abolishing Precincts Three, Four, Five, Six, Seven and Eight and creating from the same territory Precincts Three, Four and Five became effective on January 1, 1969, the offices of Justice of the Peace of Precincts Three through Eight ceased to exist and the offices of Justice of the Peace of Precincts Three, Four and Five came into being with an existing vacancy. Paragraph (a) of Article 2351-1/2, V.C.S., authorizing the election of persons to fill the offices of Justice of the Peace created under such circumstances, is unconstitutional because it is in conflict with the exclusive power of the Commissioners Court to fill such vacancies by appointment under Section 28 of Article V, Constitution of Texas. Persons purporting to hold such offices by virtue of elections held in conformity with Paragraph (a) of Article 2351-1/2, V.C.S., are de facto officers and their acts are valid.

Justices of the Peace for Precincts Three, Four and Five of Bexar County should be elected

at the general election to be held in November,
1970, for a four-year term beginning January 1,
1971.

Very truly yours,

CRANFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Earl Hines
Ray McGregor
Bill Allen
Bill Corbusier

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant