

# THE ATTORNEY GENERAL
## OF TEXAS

October 9, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Richard G. Morales, Sr.          Opinion No. JM-558
Webb County Attorney
1104 Victoria                              Re: Retirement status of a
Laredo, Texas  78040                       justice of the peace

Dear Mr. Morales:

You request advice about the retirement of an individual presently serving as justice of the peace in Webb County. This individual lost the primary election and wishes to retire before the general election. You ask whether he will officially be a retiree if he does so.

Employees of a county which participates in the Texas County and District Retirement System are members of that retirement system. V.T.C.S. Title 110B, §52.101. We have been informed that Webb County participates in that retirement system. The relevant statute defines "employee" to include a person elected to an office in the county that normally requires service for not less than 900 hours a year and for which the person is compensated by the county. V.T.C.S. Title 110B, §51.001(6); see V.T.C.S. Title 110B, §51.001(14). A justice of the peace in Webb County would therefore be a member of the Texas County and District Retirement System. See Attorney General Opinion H-202 (1974). Justices of the peace are not among the officers eligible for membership in the Judicial Retirement System of Texas. V.T.C.S. Title 110B, §42.001. See also Attorney General Opinion H-927 (1977).

Section 54.102 of Title 110B, V.T.C.S., states eligibility requirements for retiring and receiving a service retirement annuity from the Texas County and District Retirement System. "Retirement" is defined as the withdrawal from service with a retirement benefit granted under the Texas County and District Retirement System. V.T.C.S. Title 110B, §51.001(10). The fact that the justice of the peace lost an election does not prevent him from retiring. Cf. Attorney General Opinion H-1230 (1978) (eligibility for assignment as special judge of retired district judge who was defeated for reelection).

Article XVI, section 17, of the Texas Constitution will, however, cause the justice of the peace to remain in office until his successor qualifies. This provision states as follows:

> Sec. 17.  All officers within this State shall
> continue to perform the duties of their offices
> until their successors shall be duly qualified.

Tex. Const. art. XVI, §17.  Even though an officer resigns, this constitutional provision operates to continue him in office until his successor qualifies.  Plains Common Consolidated School District No. 1 of Yoakum County v. Hayhurst, 122 S.W.2d 322 (Tex. Civ. App. - Amarillo 1938, no writ); Keen v. Featherston, 69 S.W. 983 (Tex. Civ. App. 1902, writ ref'd).  See also Attorney General Opinion M-742 (1970).  An officer who retires from office will continue to hold his office until his successor qualifies.  Attorney General Opinion H-1224 (1978).  Thus, the present justice of the peace will continue to serve in office until a successor qualifies.

When the incumbent resigns, there will be a legal vacancy in his office that the commissioners court may fill, even though article XVI, section 17, of the Texas Constitution prevents a physical vacancy in the office.  The commissioners court has authority under article V, section 28, of the Texas Constitution and article 2355, V.T.C.S., to appoint someone to fill the office of justice of the peace until the next general election.  See also Elec. Code §202.002 (defining the "next general election" at which a vacancy may be filled).

In the present case, the incumbent's term ends on December 31, 1986.  V.T.C.S. art. 17.  If the commissioners court appoints someone to the vacancy created in the office of justice of the peace by the incumbent's resignation, the appointee is entitled to serve out the remainder of the term, and to continue in office pursuant to article XVI, section 17, of the Texas Constitution until his successor qualifies.  Attorney General Opinion M-742 (1970).  The individual elected to the office of justice of the peace in the November 1986 general election is not entitled to qualify and enter into his office prior to January 1, 1987.  Id.

You indicate that the individual who defeated the incumbent in the primary is not qualified to serve as justice of the peace because he has not attended the forty-hour course required by section 27.005 of the Government Code.  For that reason, you apparently do not believe he may be appointed to fill the incumbent's unexpired term should the incumbent resign.  Section 27.005 of the Government Code provides as follows:

> (a)  For purposes of removal under Title 100, Revised Statutes, 'incompetency' in the case of a justice of the peace who is not a licensed attorney includes failure to successfully complete:

> (1) within one year after the date he is first elected, a 40-hour course in the performance of his duties; and
>
> (2) each following year, a 20-hour course.
>
> (b) The courses must be completed in an accredited state-supported school of higher education. (Emphasis added).

A justice of the peace who is not a licensed attorney may be removed if he fails to successfully complete the course within a year after the date he is first elected. The statute does not require him to fulfill the educational requirement before he begins service as justice of the peace.

You also inquire about section 1.83 of the Family Code which provides in part:

> (a) The following persons are authorized to conduct marriage ceremonies:
>
> . . . .
>
> (4) justices of the supreme court, judges of the court of criminal appeals, justices of the courts of appeals, judges of the district, county, and probate courts, judges of the county courts at law, courts of domestic relations and juvenile courts, retired justices and judges of such courts, justices of the peace, retired justices of the peace, and judges and magistrates of the federal courts of this state.
>
> (b) For the purposes of this section, a retired judge of a county court, probate court, county court at law, court of domestic relations, or juvenile court or a retired justice of the peace is a person who has an aggregate of at least 15 years of service as judge of any court or courts or as justice of the peace and who has ceased to serve in that capacity. The person is considered as retired in the capacity of last service. (Emphasis added).

Under this provision, a former justice of the peace who served at least 15 years in that capacity is authorized to conduct marriage ceremonies. You state that the incumbent justice of the peace meets the 15 year qualification. Section 1.83 of the Family Code will

therefore authorize him to perform marriages as a retired justice of the peace after he leaves his office.

You wish to know who appoints him and authorizes him to perform marriage ceremonies. No appointment is necessary. The Family Code provision itself grants the power to conduct marriage ceremonies to a retired justice of the peace as that term is therein defined.

## SUMMARY

A justice of the peace in Webb County is a member of the Texas County and District Retirement System and may retire under that system when he meets the eligibility requirements. Article XVI, section 17, of the Texas Constitution will cause him to continue in office despite retirement until his successor qualifies.

Section 1.83 of the Family Code authorizes a retired justice of the peace with 15 years of service as a justice of the peace to conduct marriage ceremonies.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General